Jackson, J.
As to the first count, it is very clear that a license b/ the guardian would determine at his death. This is not denied; but il is said, that the facts stated in the plea show that this was a lease, and not a license; and that, if it was a lease, the defendant was not a trespasser * by holding over after [*445] the end of the term, but would be a tenant at sufferance, until a re-entry by the plaintiff, or a notice to quit; and that the defendant ought not to be prejudiced by having miscalled it a license.
If such a mistake had occurred in a deed, or any act in pais, the Court would not, perhaps, be precluded from construing the ex pression according to its legal effect and the true intent of the parties. But more strictness is required in pleadings. The party is to state his case, according to the legal effect and operation of the facts, on which he relies. It is not sufficient to display the evidence on the record, and leave it to the Court to infer that there was a feoffment, a lease, or a license ; but he must say that the party did *368 enfeoff, or did demise, &c. If the defendant in this case had pleaded a lease by the guardian, the plaintiff might have traversed it; and from what appears in the case, there seems to be no doubt she would have done so; because on the general issue to this same count, she obtained a verdict. It being pleaded as a license, she had no occasion to deny it, although it might be wholly untrue; because she had a better answer, viz., that all the trespasses complained of were committed after the expiration of the supposed license.
As to the second count, the only question is, whether the facts proved were conclusive evidence of a lease by the plaintiff to Peters, or of any other lawful title in him. The evidence to that point appears very strong, if the exceptions exhibit the whole of it. But it was left to the jury, with proper instructions, and they have found for the plaintiff. They probably considered that the plaintiff, who was living on the premises, had the legal possession, as well as the properly ; and that Peters was merely her bailiff or agent. We have no means to ascertain whether they decided against the weight of evidence ; and indeed the question is not before us. But we are satisfied that the evidence was not conclusive for the defendant, and that it was properly left to the jury.
[ * 446 J * If there was no lease from the plaintiff to Peters, was the latter a tenant at sufferance ? This does not seem to have been suggested, as to the premises mentioned in the second count. But without inquiring what would be the effect of this fact, if true, it seems very clear that the evidence does not prove it. Instead of holding over wrongfully, against the will or without the knowledge of the plaintiff, Peters was living in the house with her, and upon some terms undoubtedly satisfactory to both parties. This joint occupation continued for a long time ; and if there was no contract or agreement respecting it between the parties, the seisin and possession would be considered to be in the one who had right. If there was any such agreement, he could not be tenant at sufferance.
There must be judgment for the plaintiff upon both the counts.