. 33    ISAAC LIVERMORE *et al. versus* ISRAEL HERSCHELL
                         *et al.*

In an action on the case in the nature of a conspiracy, against three, for obtaining
    goods upon credit by false and fraudulent representations, evidence that such repre
    sentations were made by one alone in pursuance of a previous agreement and con
    federacy to that effect with the other two, but in their absence, will sustain a decla-
    ration charging them all with having made the representations.
A judgment on the merits in such action is conclusive on the parties, and is a bar to
    any new action in a different form.

THIS was an action on the case against Israel Herschell,
Jacob Myers, and Isaac Joseph, for making false and fraud-
ulent representations in order to induce the plaintiffs, and
by which they were induced, to sell goods to Herschell on
credit.

The second count alleged, that "Herschell, Myers, and
Joseph, at &c., maliciously and wickedly contriving and in
tending, for their own lucre and gain, to injure, cheat, and
defraud the plaintiffs, did then and there falsely and fraudulently
say, represent, and declare to the plaintiffs, &c., [setting forth
the pretences by reason of which the plaintiffs were induced to
part with their goods, and denying the truth of such pretences,]
and so the plaintiffs say they have been cheated and defraud-
ed by reason of said false and fraudulent representations so
by said defendants made, and have wholly lost their said
goods," &c.

There was a third and a fourth count which the defendants
contended were not properly in the case.

Herschell was defaulted. The two other defendants pleaded
severally not guilty.

————————

[3] Roscoe's Crim. Ev. 379. See also *Matter of Shotwell*, 10 Johns. R 304
But see *Bird* v. *Bird*, 2 Root, 411.

At the trial, which was before *Parker* C. J., there was no evidence that either Myers or Joseph made any representations to the plaintiffs, nor was either of them present when the goods were purchased, or at any other time; but there was evidence tending to prove an intimacy and connexion between the three defendants, and a knowledge of the purchase made by Herschell, and a participation in the disposition of the goods after they were purchased.

The jury were instructed, for the purpose of obtaining a verdict upon the facts, that if they were satisfied from the evidence, that there had been, previous to the purchase, an agreement or confederacy between both Myers and Joseph, or either of them, and Herschell, to cheat and defraud the plaintiffs by such representations as were set forth in the declaration, and which were proved to have been made by Herschell, and that it was part of the agreement and confederacy that Herschell alone should make the representations, they might find both or either of them guilty, according as the evidence might apply to both or either; but that unless they were thus satisfied they must acquit them, even though they should be satisfied that after the purchase they assisted Herschell in fraudulently disposing of the goods and shared with him in the proceeds.

A verdict having been returned against both Myers and Joseph, they moved for a new trial on the ground that the verdict was against law.

*S. D. Parker* and *J. T. Austin* now contended that the verdict ought to be set aside, because evidence had been admitted to prove a conspiracy, when no conspiracy was set out in the declaration. This is not an action of conspiracy or in the nature of conspiracy, but an action of the case for making fraudulent representations. These are distinct causes of action, and are to be set out accordingly. In conspiracy the agreement to defraud is the crime, whether any act is done in pursuance of it or not; and this was indictable at common law. The offence in the other case consists in getting the goods upon the false and fraudulent pretences; which was not indictable until *St.* 1815, *c.* 136, was passed. Other distinctions might be pointed out. *Regina* v. *Best*, 2 Ld. Raym. 1167;

4

*Livermore v. Herschell.*

*March 22d*

Livermore
*v.*
Herschell.

*S.* ` *C* 1 Salk. 174 ; *Robinson's case*, 1 Leach, (3d ed.) 44 , *Commonwealth* v. *Warren*, 6 Mass. R. 72, 74 ; *Com'monwealth* v. *Judd*, 2 Mass. R. 329 ; *The King* v. *Mason*, 2 T. R. 581 ; *Subley* v. *Mott*, 1 Wils. 210. There is a difference between making fraudulent pretences and causing them to be made ; and great nicety is required in setting out such pretences so that the allegations and the proof may correspond. *Rex* v. *Douglass*, 1 Campb. 212 ; *Rex* v. *Plestow*, ibid. 495 ; *Rex* v. *Perrott*, 2 Maule & Sel. 379. No case goes further than that of *Rex* v. *Young et al.*, 3 T. R. 98, in imputing to one the fraudulent pretences of another, and there all the defendants were present when the pretences were made. 3 Chit. Crim. Law, 999. A conspiracy may be proved from the several acts of the parties at different times, but in an action for obtaining goods on a joint fraudulent misrepresentation, only the *res gestæ* at the time are admissible in evidence. A false affirmation is a several act, and two persons cannot be indicted together for perjury ; *Rex* v. *Phillips*, 2 Str. 921 ; and yet if a suborner should be joined in such an indictment with the person who actually makes the false affirmation, the maxim, *qui facit per alium* &c., would apply with as much force as in the case before the Court. An *acquittal* of the defendants, in this action, would not be a bar to a future action for the conspiracy.

*Morey* and *H. H. Fuller*, in support of the verdict, said it was immaterial whether a conspiracy were alleged or not, if overt acts were set out and proved, by which the plaintiffs were injured. *Skinner* v. *Gunton*, 1 Wms's Saund. 228, and note 4. The acts of one of the defendants done in pursuance of an agreement with the others, are the acts of all, and they may be alleged according to their legal effect. In treason and trespass it is well settled, that the act of A done by command or advice of B, may be set forth as the act of B ; and the same principle is applicable in many other cases of torts, and also in cases of contract. 1 Chit. Pl. 67, 181, 381 ; Paley on Princ. and Ag. 231 ; Com. Dig. *Trespass*, *C* Starkie on Crim. Pl. (Amer. ed.) 36, 88, 89 ; *Rex* v. *Stone*, 6 T. R. 527 ; Fost. Cr. L. 350 ; *Brucker* v. *Fromont*, 6 T. R. 659 ; 2 Chit. Pl. 281, note ; *Jones* v. *Hart*, 1 Ld. Raym.

738 ; *Rex* v. *Johnson*, 7 East, 65 ; *Harding* v. *Greening*, 1 B. Moore, 477 ; *Rex* v. *Hunt*, 2 Campb. 583 ; *Rex* v. *Cope*, 1 Str. 144 ; *Woodgate* v. *Knatchbull*, 2 T. R. 148 ; *Gardner* v. *Preston*, 2 Day, 206 ; *Rex* v. *Brisac et al.*, 4 East, 164 ; *Young* v. *The King*, 3 T. R. 105, 107 ; *Patten* v. *Gurney*, 17 Mass. R. 182 ; *Barker* v. *Braham et al.* 2 W Bl. 866 ; *Parsons* v. *Lloyd*, ibid. 845 ; *Robinson's case*, 1 Leach, 45 ; *The Coalheavers' case*, ibid. 76 ; *Collins et al.* v. *Commonwealth*, 3 Serg. & Rawle, 220 ; *Commonwealth* v. *Gillespie*, 7 Serg. & Rawle, 769 ; *Rex* v. *Salter*, 5 Esp. R 125 ; 2 Starkie on Evid. 54, 403 ; 3 id. 1565, 1581, 1582.

*Parker* and *Austin*, in replying, cited 2 Stark. on Evid. 563 ; 2 East's P. C. 973 ; *Stewart* v. *Dickens*, Stark. Crim. Pl. 92, note ; 3 Stark. on Evid. 1526.

WILDE J. delivered the opinion of the Court. This is an action of the case in the nature of a conspiracy for a cheat practised on the plaintiffs, whereby they have been defrauded of their goods and have wholly lost the same. This is not a formed action of conspiracy, and therefore, although the plaintiffs allege that the defendants contrived and conspired together to commit the injury complained of, yet this averment is matter of aggravation only and need not be proved. The damage sustained by the plaintiffs is the ground of the action, and not the conspiracy. *Skinner* v. *Gunton et al.*, 1 Wms's Saund. 230, note 4.

It must be admitted therefore, that if the evidence offered by the plaintiffs proved only the conspiracy, it was improperly admitted, and the verdict must be set aside.

It was proved that the false declarations and pretences were made by Herschell, one of the defendants, the other two defendants not being present, but it was also proved, or the evidence tended to prove, that these false declarations and pretences were made by Herschell in pursuance of a previous combination and conspiracy to that effect, had between all the defendants. And the jury were instructed to find for Myers and Joseph, unless they were satisfied that these false declarations and pretences were made by Herschell in pursuance of such previous combination. Under these instructions the verdict of the jury establishes the fact, that Herschell's declara-

*Livermore v. Herschell.*

36

*March 26th.*

Livermore
*v.*
Herschell.

tions and acts were made and done by the procurement of the other two defendants.

This evidence the defendant's counsel contend is not sufficient to sustain the action, and that the charge of the judge was incorrect. The case is likened to that of perjury, in which it is admitted the words of one cannot be applied to another, so as to authorize the conviction of two or more culprits on a joint charge. But it is easy to distinguish between the cases. Perjury and subornation of perjury are distinct crimes, and must be distinctly charged, and the same rule applies to principals and accessaries. But the case at bar more resembles an action of trespass, as to which the law is well settled. If A command or request B to take the goods of C, and B do it, trespass lies as well against A as against B. For in trespass there can be no accessary. 6 Bac. Abr. 589, *Tresp. G*, 1.[1] So generally, if A does an act at the command or request of B, it is the act of B, and may be so alleged in pleading, according to the well established rule, that every act may and should be alleged according to the legal effect. 2 Stark. Evid. 54, 403 ; 3 Stark. Evid. 1565, 1581, 1582 ; *Johnson* v. *Carter*, 16 Mass. R. 443 ; *Rex* v. *Stone*, 6 T. R. 527 ; *Brucker* v. *Fromont*, ibid. 659.[2] According to this rule of law the acts and declarations of Herschell are the acts and declarations of the other defendants also, by whose procurement they were made and done. And the law was so declared in the case of *Young et al.* v. *The King*, *in Error*, 3 T. R. 98. It is true in that case all the defendants were present when the false declarations were made, but the case did not turn on that fact, nor was it material.

So in the case of *Gardner* v. *Preston et al.*, 2 Day, 205, it was determined, that the combination between the defendants being established, the acts and declarations of one, in pursuance

---

[1] *Wilbraham* v. *Snow*, 2 Saund. 47; *Menham* v. *Edmonson*, 1 Bos. & Pul 369; *Rafael* v. *Verelst*, 2 W. Bl. 1055; *Smith* v. *Shaw*, 12 Johns. R. 257; *Van Brunt* v. *Schenck*, 13 Johns. R. 414.

[2] See *Waland* v. *Elkins*, 1 Stark. R. 272; *Silver* v. *Kendrick*, 2 N. Hamp. R. 160; *Henry* v. *Henry*, 1 Chipman, 265; *Hastings* v. *Levering*, 2 Pick. (2d ed.) 214, and note; *Pease* v. *Morgan*, 7 Johns. R. 468; *Phelps* v. *Riley* 3 Connect. R. 266.

of the combination, were to be considered as the acts and declarations of all.    And this is a well settled rule of law in all cases of conspiracy,[3] and the rule is as applicable to this case as it is to an action of conspiracy.[4]

We are of opinion therefore, that the evidence offered by the plaintiffs was properly admitted, and that the instructions o the jury were correct.

But the defendants' counsel object to the form of action, on the ground that it is not conclusive as to the merits.    A judgment in favor of the defendants, it is said, cannot be pleaded in bar of an action of conspiracy.    If this were true, it would be no valid objection to the plaintiffs' recovery. And if they recover, they cannot afterwards maintain an action for the conspiracy.    No civil action lies for a mere conspiracy.[5]    There is however no doubt that a judgment for the defendants in this action might be pleaded in bar to any new action that could be framed for the plaintiffs.    A judgment rendered on the merits is conclusive upon both parties.[1]    But

38

---

[3] Roscoe's Crim. Ev. 60 to 64, 325; 2 M'Nally's Ev. 611; *Rex* v. *Stone*, cited in 2 Stark. Ev. (Metcalf's edit.) 403; *Rex* v. *Watson*, 2 Stark. R. 140, 141; *Ex parte Bollman and Swartwout*, 4 Cranch, 75; *Moore* v. *Tracy*, 7 Wendell, 229; 1 Burr's Trial, 21; 2 id. 401; *Queen's case*, 2 Brod. & Bingh. 310; East's P. C. 97; *Commonwealth* v. *Crowninshield*, 10 Pick. 497; *American Fur Co.* v. *The United States*, 2 Peters, 364; *Snyder* v. *Laframboise*, 1 Breese, 269; *Commonwealth* v. *Eberle*, 3 Serg. & Rawle, 9; *Martin* v. *Commonwealth*, 2 Leigh, 745; *Gardiner* v. *Preston*, 2 Day, 205; *Collins* v. *Commonwealth*, 3 Serg. & Rawle, 220; *Hunt's case*, 3 Barn. & Ald. 513; *Clayton* v. *Anthony*, 6 Randolph, 285.

[4] *Moore* v. *Tracy*, 7 Wendell, 229; *Addington* v. *Allen*, 11 Wendell, 374; *Adams* v. *Paige*, 7 Pick. 542; *Wilbur* v. *Strickland*, 1 Rawle, 458; *Reitenbach* v. *Reitenbach*, 1 Rawle, 362.

[5] *Morgan* v. *Bliss*, 2 Mass. R. 112.

[a] See *Standish* v. *Parker*, 2 Pick. (2d ed.) 22, notes 1, 2, 3; *Adams* v. *Pearson*, 7 Pick. 341; *Whitcomb* v. *Williams*, 4 Pick. 228; *New England Bank* v. *Lewis*, 8 Pick. 113; *Saxton* v. *Chamberlain*, 6 Pick. 422; *Briggs* v. *Richmond*, 10 Pick. 391; *Minor* v. *Walter*, 17 Mass. R. 237; *Hodges* v. *Hodges*, 9 Mass. R. 320; *Rowe* v. *Smith*, 16 Mass. R. 306; *Loring* v. *Mansfield*, 17 Mass. R. 394; *Thatcher* v. *Gammon*, 12 Mass. R. 268; *Thorpe* v. *Cooper*, 5 Bingh. 129; *Ravee* v. *Farmer*, 4 T. R. 146; *Bagot* v. *Williams*, 3 Barn. & Cressw. 235; *Le Guen* v. *Gouverneur*, 1 Johns. Cas. 436; *White* v. *Ward*, 9 Johns. R. 232; *Grant* v. *Button*, 14 Johns. R. 377; *Canfield* v. *Monger*, 12 Johns. R. 347; *Wheeler* v. *Van Houten*, 12 Johns. R. 311; *Homer* v. *Fish*, 1 Pick. 435; *Offutt* v. *Offutt*, 2 Harr. & Gill, 178; *Young* v. *Black*, 7 Cranch, 565; *Vooght* v. *Winch*, 2 Barn. & Ald. 662.

if the plaintiff misconceives his action, or the declaration is de-fective, and he fails in his suit by reason of such defect or misconception, he may sustain a new action. 5 Bac. Abr. 440, *Pleas and Plead. I*, 13 ; *Hitchin* v. *Campbell*, 2 W. Bl. 779 ; *S. C.* 3 Wils. 240.[2] In this case all the material facts are alleged in the declaration, and the trial was on the merits. It was not necessary to allege a conspiracy, and a writ of conspiracy, properly so called, cannot be sustained in a case like this That writ, at the common law, was con-fined to conspiracies to indict the party either of treason or felony. 1 Wms's Saund. 230, note 4 ; F. N. B. 114 ; *Savill* v. *Roberts*, Carth. 417. But without relying on this technical objection, it is very clear that a judgment in this ac-tion on the merits is conclusive on the parties, and is a bar to any new action.

We pass over the objections to the filing of the new counts, since, for the reasons already given, the other counts are suffi-cient.

*Judgment according to the verdict.*[3]

---

[2] *Morgan* v. *Bliss*, 2 Mass. R. 112; *Bridge* v. *Sumner*, 1 Pick. 371; *Knox* v. *Waldoborough*, 5 Greenl. 185; *Hull* v. *Blake*, 13 Mass. R. 153; *Standish* v. *Parker*, 2 Pick. (2d ed.) 22, and notes; *Parker* v. *Standish, post*, 288; *Spooner* v. *Davis*, 7 Pick. 147.

[3] The principle that fraud accompanied with damage is a good cause of ac-tion, is now well settled, both in the English and American jurisprudence. *Bailey* v. *Merrell*, 3 Bulstr. 95; *S. C.* Cro. Jac. 386; Com. Dig. *Action on the Case for a Deceipt, A*, 1: *Pasley* v. *Freeman*, 3 T. R. 56; *Ward* v. *Center*, 3 Johns. R. 271; *Upton* v. *Vail*, 6 Johns. R. 181; *Young* v. *Covell*, 8 Johns. R. 23; *Russell* v. *Clark*, 7 Cranch, 92; *Gallager* v. *Brunel*, 6 Cowen, 346, *Allen* v. *Addington*, 7 Wendell, 9; *Moore* v. *Tracy*, 7 Wendell, 229; *Adding-ton* v. *Allen*, 11 Wendell, 374; *Adams* v. *Paige*, 7 Pick. 542; *Pierce* v. *Jack-son*, 6 Mass. R. 242; *Whittier* v. *Smith*, 11 Mass. R. 211. *Aliter*, where no ac-tual damage has been occasioned. *Morgan* v. *Bliss*, 2 Mass. R. 112. But where there has been damage, it is not necessary to prove any *moral* fraud on the part of the defendants. *Adams* v. *Paige, supra; Bird* v. *Randall*, 3 Burr. 1353; 3 Bl. Com. 122; *Foster* v. *Charles*, 7 Bingh. 105; *S. C.* 6 Bingh. 390; *Tapp* v. *Lee*, 3 Bos. & Pul. 371.