### WILLIAM F. TURNER AND PERRY YOUNGS v. THE VILLAGE OF STANTON.

*Damages for taking land for public street—Waiver—Revocation of license to use land.*

Everything necessary to support the proceedings of a village board in laying out a street across the land of private persons ought to appear of record; such as any waiver of damages.

Where a petitioner for a village street across his land verbally stated to the authorities that he claimed no damages, it was merely a license that would be binding only when they proceeded to take the land, and might be previously revoked by a written notice.

One who petitions for the laying out of a street which would cross his land is not thereby precluded from claiming compensation therefor.

CERTIORARI to the village clerk of the village of Stanton. Submitted January 13. Decided January 20.

*Mitchel & Pratt* for plaintiffs in certiorari.

*N. J. Brown* and *Blanchard, Bell & Cagwin* for defendant in certiorari. Verbal consent to laying out a road

across one's property is enough, if it is acted on before revocation, *Marble v. Whitney*, 28 N. Y., 307.

COOLEY, J.    The certiorari in this case brings up the proceedings of the village authorities in laying out a street through lands owned by the plaintiffs in the writ. The proceedings are undoubtedly irregular, and it is not claimed that they can be sustained unless the plaintiffs in error have waived by their conduct all right to object to them.

There is nothing in the record of the proceedings which is returned here by the village clerk, which can be considered as constituting a waiver, unless it is that both of the plaintiffs in error united with others in petitioning to have the street laid out.    But there was nothing in the petition which waived compensation for any land of the petitioners which might be taken, and it is perfectly consistent with the petition that the petitioners expected to be paid if their land was taken.    And they had a right to be paid, beyond question.

But the village clerk returns that while the matter was pending before the village board, the plaintiff Turner personally appeared before the board when in session, on or about the 2d day of June, 1879, and verbally and orally stated in their hearing and presence, that he claimed no damages in case the street should be established and laid out by the board in accordance with the prayer of the petition.    Also that the board were informed sometime in June, 1879, by its clerk and by one Wetherwax, one of its members, that the plaintiff Youngs claimed no damage whatever, in case the street should be established and laid out, but wanted the right to use a spring of water, which he was told he might reserve. This spring, it seems to be conceded, would be within the limits of the proposed street.

The facts thus returned by the clerk do not appear in any manner on the village records.    In so important a proceeding as the appropriation of lands, all the facts

necessary to their support ought to appear of record; and so far as Turner was concerned, they might well have been made matter of record in this case, if they occurred as stated, and the board proceeded to act upon them. But at most the oral declaration of Turner could only amount to a license, which would be binding when acted upon, but might be revoked at any time previous.

The resolution of the village board that the street be laid out and established was passed August 18, 1879, and Turner was notified thereof September 4, 1879. Two days thereafter he served on the board a written notice that he forbade the opening of the street through his premises, but that he would meet the board at such time as should be fixed by its action to settle damages that would be occasioned to him by the opening of the street. The board disregarded this notice, and on September 15, 1879, proceeded to open the street through Turner's land.

The oral license given by Turner cannot be said to have been acted upon until the board proceeded to take his land. The notice of September 6, 1879, was therefore a complete revocation. The case of *Marble v. Whitney*, 28 N. Y., 297, is perfectly consistent with this view, for in that case the license was not revoked until the road had actually been opened.

As to Youngs, the board had no evidence of a license, unless mere hearsay can be so called. But even the hearsay made the license conditional on the spring being reserved, which was not done. He gave notice as Turner did on September 6, which was in like manner disregarded. It is plain that he has never waived his rights.

It follows that the proceedings, as to these parties, must be quashed with costs.

The other Justices concurred.