# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BARKSDALE AND ALS. V. HAIRSTON AND OTHERS.

APRIL 22d, 1886.

*Mining privileges—License.*—Agreement conferring on partnership exclusive right to raise ore on land, no estate in the land passing, is a mere license, and creates no easement on the land. If no acts are done under the license, it is revocable at will of licenser, and it is revoked by dissolution of the partnership.

Appeal from decrees of circuit court of Halifax county, entered October 9, 1883, and November 16, 1883, in the three chancery causes of E. Barksdale, junior and others against J. B. Stovall and others, and Fannie Barksdale, by, &c., against E. Barksdale and others, and Marshall Hairston's divisees against E. Barksdale, junior, and others. The decrees being adverse to E. Barksdale, junior, and others, they obtained an appeal to this court.

Opinion states the case.

*W. R. Barksdale* and *W. Bouldin, Jr.,* for the appellants.

*Whittle & Anderson, E. E. Bouldin, John W. Rieley,* and *John E. Penn,* for the appellees.

LACY, J., delivered the opinion of the court.

The provision in the agreement of the 10th day of November, 1836, between John A. Hairston, Peter Hairston, and

George Hairston, that the partnership should "have and possess the exclusive use and privilege of digging, hauling off and working any ore now found, or which may hereafter be found anywhere on the said John A. Hairston's land," was the grant of a mere license to the partnership to dig ore on the said premises, not coupled with any estate or interest in the said lands, and did not create any easement on the land. No acts having been done under the license, the same was an executory license; was revocable at the pleasure of the grantor, and so continued up to the dissolution of the partnership by the death of one of the partners.

In 1842, the lands belonging to the partnership were sold, and conveyed in a suit brought to wind up the partnership. The license, never exercised, was not assignable, and was revoked by the dissolution of the partnership, and does not attach to or affect the lands in the hands of John A. Hairston's heirs, or their vendee. The license did not pass to the purchasers at the judicial sale of the partnership property, nor did it remain in the surviving member of the late firm, nor pass to his alienee.

In the case of *The East Jersey Iron Company* v. *Edward H. Wright*, 32 New Jersey Equity Reports, in construing the words "it is agreed that Reede, and those who succeed to his rights, shall have the exclusive right and privilege of raising and removing ores from certain lands," the court said, "nothing passes presently as under technical words of grant, *dedi et concessi.* To constitute a grant, it is not indispensable that technical words shall be used, but they must be words which will manifest the same intention. No such words are found here. The language of this instrument is equally inefficacious to manifest a purpose to make a demise." See also *Hanley* v. *Wood*, 2 Barn. & Alderson, 724; *Funk* v. *Haldeman*, 53 Penn. St. 229; *Richman* v. *Baldwin*, 1 Zabriskie, 595; *Cook* v. *Stearns*,

11 Mass. 537; 3 Kent's Com. 452; Bainbridge on Mines, 117; *Prince* v. *Clark*, 10 Conn. 375; *Jackson* v. *Babcock*, 4 Johns. 417; *Howes* v. *Ball*, 7 Barn. & Cres. 481; *Hetfield* v. *Central R. R. Co.*, 5 Duch. 221–571; *Johnson* v. *Carter*, 16 Mass. 443; *Ruggles* v. *Lesure*, 24 Pick. 187; 2 Am. Lead. Cases, 376; *Wood* v. *Leadbitter*, 13 M. & W. 845.

In the agreement in this case there was no interest whatever granted in the lands, and this mere license, which remained executory, was revocable at the will of the licenser. There was no consideration for it except the licenser's interest in the partnership, and it was revoked by the dissolution of the partnership.

We think the decree of the circuit court was plainly right in any view in which this question shall be considered. The appellants have no valid claim to the privileges they claim upon the lands derived from John A. Hairston, the license to the partnership having never been executed, and having been long since revoked. The decision of this question is conclusive of all others raised in the appeal here, and it is unnecessary to pass upon any other question in the record. There is no error in the decree appealed from, and the same is affirmed.

DECREE AFFIRMED.