DE GRAFFENRIED v. SAVAGE ET AL.

IRRIGATING DITCHES—RIGHT OF WAY.

The right of way for an irrigating ditch may be acquired by contract between the parties, by condemnation proceedings or by the gratuitous license of the land owner. In either case, after entry and expenditure of money, the right is irrevocable. After entry under a license and construction of the ditch, the license operates as an irrevocable grant.

*Appeal from the District Court of Montrose County.*

APPELLANT was and is the owner of forty acres of land in the county of Montrose. Appellees were the owners of parcels of land south and below that of appellant. In the year 1890 appellees constructed a lateral ditch from a main ditch to their lands for the purpose of irrigating the same. The lateral ditch was constructed across the forty acres of land owned by appellant to the lands of the appellees, the ditch being about eighty rods in length and following as near as practically the public road joining the land. It is alleged in the complaint that the entry upon the land and the construction of the ditch was with the consent, knowledge and acquiescence of the defendant, and that the plaintiff used the ditch for the purpose of irrigating the land without objection or interruption for two years; that plaintiffs had no other means of irrigating their lands but by the water through this lateral ditch. The injury complained of is alleged in the complaint as follows: "That said defendant has willfully and forcibly filled said ditch in places, so as to obstruct

the flow of water therein and therethrough, and the same has become obstructed by wash and fill, and plaintiff [defendant] refuses to allow plaintiffs or either of them to remove said obstructions, or to clear said ditch, and threatens them with violence if they attempt to run water through the same, and so threatens by violence and force to prevent said plaintiffs or either of them from further use or occupation of said ditch or lateral." Prayer for an injunction and for damages. A temporary injunction was granted. Defendant answered, denying the allegations of the complaint, and filed a cross complaint demanding damages for the construction and operation of the ditch upon his land, and asking for the dissolution of the injunction.

The court found for the plaintiffs, refused to dissolve the injunction, and gave judgment against the defendant for $1.00 and costs, from which an appeal was taken to this court.

Mr. L. F. TWITCHELL and Mr. S. S. SHERMAN, for appellant.

Mr. JOHN GRAY, for appellees.

REED, P. J., delivered the opinion of the court.

No abstract is made of the evidence in the case, the reason given by appellant " that no error is assigned as to the findings of fact by the court."

The court found that the ditch was constructed in 1890, and was constructed with the knowledge and consent of the defendant; that no consideration was paid or agreed to be paid by the plaintiffs or their grantors; that no consideration has ever been paid; that the ditch was constructed on a line across the land of appellant practically agreed upon between the parties at the time of the survey; that the appellant made no objection to the construction or use of the ditch across his land until after it was fully completed and being

used by the appellees; that appellees have improved their
lands and cultivated them by the use of the water carried
through the ditch; that the ditch had been constructed and
used two years before any objection was made to its main-
tenance and use upon his land; that after the ditch had
been completed and used by the plaintiffs for two years, as
stated, appellant interfered with the use of the ditch by the
appellees and filled and obstructed it.

It being admitted that the facts were correctly found by
the court, the solution naturally follows the finding.

. The law of the case as applicable to the facts was stated
by the court as follows :

. " The right granted the plaintiffs and their grantors is a
parol license, but inasmuch as it was without any limitation
as to time, and was acted upon by the plaintiffs and their
grantors, and the ditch fully completed and used by them
before any objection to such use was ever made by the de-
fendant, it is irrevocable; and although no deed was ever
executed and no consideration paid, the plaintiffs and their
grantors having acted in good faith, and on the faith of the
license granted having expended money, the defendant can-
not be heard to complain, and the judgment, therefore, must
be for the plaintiffs in the case, and a decree will be ordered
enjoining the defendant from in any manner interfering with
or obstructing said ditch across his land."

The contention of counsel of appellant is that the court
erred in his construction of the law; that the right to enter,
construct and operate the ditch was by parol license, which
was revocable by appellant at any time he saw fit, but that
by the construction of the court the right of appellees became
an easement in the lands of appellant; that an easement could
only be created by deed, and as there had been no convey-
ance and the license having been revoked, appellees could
not enter upon the land of appellant, repair, maintain and
operate the ditch.

It is a matter of very little importance what technical
name be given to the right, nor whether an easement or

license.   If the judgment and decree are right, it is unimportant by what process of reasoning it was arrived at.   Section 2260, Mills' Ann. Stats., is as follows: "Upon the refusal of the owners of tracts of land or lands through which said ditch is proposed to run, to allow of its passage through their property, the person or persons desiring to open such ditch may proceed to condemn and take the right of way therefor." * * *

Here consent was given; no compensation required; the ditch was constructed and operated without objection for two years; then the use was forbidden and the ditch obstructed.   Appellant could have required compensation before allowing entry, and the right, gratuitously granted, under the statute by condemnation, but that was unnecessary.   Having waived all right to compensation and permitted the use for two years, whether appellant could now maintain an action at law and recover payment for the right of way or damages is a question not involved, and upon which we express no opinion.

But it is clear under all the authorities that appellant could not resort to the summary remedy of obstructing or destroying the ditch or preventing the parties from entering upon the line of the ditch to operate it.   We need not go back to the act of congress of 1866 and assert that by virtue of that act all land subsequently granted by the government was granted subject to the right of way for conveyance of water, when a necessity to others and needful for the reclamation and cultivation of land.   This right was recognized and protected by the laws of 1861, p. 67.

In Phear on Rights of Water, 71, it is said the common law recognizes an easement in certain cases and *will imply* a grant of such easement, where it is especially necessary to the enjoyment of the dominate estate.

In *Yunker v. Nichols*, 1 Colo. 554, Hallett, C. J., said: "All the lands in this territory which are now held by individuals were derived from the general government, and it is

fair to presume that the government intended to convey to the citizens the necessary means to make them fruitful."

The greater weight and number of decisions, even at common law, hold that the license was only revocable while it remained executory.   After entry, when it became executed, it was irrevocable.   See *Huff v. McCauley*, 53 Pa. St. 206; *Veghte v. Raritan W. P. Co.*, 4 C. E. Green (N. J.), 142; *Cool v. Peters B. & L. Co.*, 87 Ind. 531; *Rogers v. Cox*, 96 Ind. 157; *Rerick v. Kern*, 14 Sergt. & R. (Pa.) 267; *Cook v. Stearns*, 11 Mass. 533; *Barksdale v. Hairston*, 81 Va. 764; *Turner v. Stanton*, 42 Mich. 506.

Notwithstanding the nice common law distinction between a license and an easement attempted to be drawn by counsel in this case, we think it settled by *Yunker v. Nichols, supra,* and *Schilling v. Rominger*, 4 Colo. 100.

In the former, Hallett, C. J., said: "It may be said that all lands are held in subordination to the dominant right of others, who must necessarily pass over them to obtain a supply of water to irrigate their own lands, and this servitude arises, not by grant, but by operation of law.   In this case there was evidence tending to prove that defendant consented to the construction of the ditch, which, with the aid of the law, was sufficient to maintain the action.   If defendant had refused his consent, the statute prescribed the method of proceeding to perfect plaintiff's right.   But, in any event, it was not necessary that defendant should convey to plaintiff the right of way for the ditch."   And in the later case, Thatcher, C. J., said: " Primarily, where the climatic conditions are such as exist in Colorado, the right to convey water for irrigating purposes over land owned by another is founded on the imperious laws of nature, with reference to which it must be presumed the government parts with its title.   And although a patent from the government may be silent in regard to conditions, which, if expressly named, would have no greater force, it cannot be asserted that therefore they do not exist.   *Yunker v. Nichols*, 1 Colo. 551."

It will thus be seen that at that early date the court found it necessary to override and disregard technical rules of law pertaining to riparian rights in other countries, and apply our own laws, made with reference to the climate, the arid and desert character of the land without water, and its prolific fruitfulness by the application of water.

The prosperity of the country required that the greatest possible use of the waters should be made, and that no restrictions should exist to its appropriation, transportation and use, and the right of way for conveying it across the land of another was regarded as a general servitude attaching to such land *ex necessitate*, regardless of contract. The right might be granted by contract between the parties, by condemnation proceedings, or, as in this instance, by gratuitous consent of the owner; and in either case, after the entry and expenditure of money, the right was irrevocable, and in cases of this kind the license to enter, after entry and construction of the ditch, operates as a grant, and such grant is presumed and implied.

At an early date, in *West River Bridge Co. v. Dix*, 6 How. (U. S.) 532, the broad doctrine of necessity of constructing with reference to the conditions, surroundings and circumstances was clearly and forcibly stated by the court in the following language:

"Into all contracts, whether made between states and individuals, or between individuals only, there enter conditions which arise not out of the literal terms of the contract itself; they are superinduced by the preëxisting and higher authority of the laws of nature, of nations, or of the community to which the parties belong; they are always presumed, and must be presumed, to be known and recognized by all, are binding upon all, and need never, therefore, be carried into express stipulation, for this could add nothing to their force."

The peculiar climatic conditions of this country and the inapplicability of the laws as construed in other countries, where different natural laws prevail, made it necessary for

our courts to adopt the broad rule of construction announced in that case.

In *Yunker v. Nichols* and *Schilling v. Rominger, supra,* the court, in clear and unmistakable language, declared that an executed license was in effect an implied grant, irrevocable.

In this case the proceeding was in equity. The license was admitted, and, after it became executed, the ditch constructed and operated for two years, a revocation was claimed, and the right to take possession of the ditch, obstruct and destroy it, the result being, if not the absolute destruction of the value of the lands supplied with water by the ditch, the destruction of the crops and the forced abandonment of the farms until some other practical route for the conveyance of water could be found, if possible, and a new ditch constructed, probably inflicting upon appellees damage three or four times greater than the value of appellant's entire parcel of land. The defense is so inequitable it could receive but little consideration from a court of equity.

The judgment and decree of the district court is correct and must be affirmed.

*Affirmed.*