THE MAPLE ORCHARD GROVE & VINEYARD COMPANY, a Corporation, Respondent, v. C. P. MARSHALL, Appellant.

No. 1504.    (75 Pac. 369.)

Parol License: Construction of Pipe Line: Irrevocable Grant: Equity.

A parol license to enter on the land of the owner to construct a pipe line to carry water for purposes of irrigation operates as an irrevocable grant, after entry, and the construction of the pipe line at considerable expense, and after commencing the use of the water for purposes of irrigation, and the rights acquired under the grant will be protected in equity.[1]

(Decided February 5, 1904.)

Appeal from the First District Court, Box Elder county.—*Hon. H. H. Rolapp*, Judge.

Action to restrain the defendant from interfering with a certain pipe line owned by the plaintiff company and with the water flowing through it to the plaintiff's premises. From a judgment in favor of the plaintiff, the defendant appealed.

MODIFIED AND AFFIRMED.

---

[1]Ruffatti v. Lexington Irg. Co., 10 Utah 386; 37 Pac. 591.

*Geo. J. Marsh, Esq., James S. Perry, Esq.,* and *Tho. Maloney, Esq.,* for appellant.

*Messrs. Henderson & Macmillan* for respondent.

BARTCH, J.—This is an action in equity to restrain the defendant from interfering with a certain pipe line owned by the plaintiff company, and with the water flowing through it to the plaintiff's premises. The appeal is from the judgment roll, and the evidence is not before us, but from the findings of fact it appears that the plaintiff is the owner of certain land, which it has cultivated and improved. For the purpose of irrigating the land, cultivating an orchard, and raising crops, the company constructed a pipe line, crossing in its course land owned by the defendant, which he purchased from one Cragun. While Cragun was the owner and in the possession of the land, he gave to W. B. Wedell, the predecessor of the plaintiff, a license and right of way to construct a flume or pipe line across it. In 1898, pursuant to this parol license, a flume was constructed, and afterwards, by April or May, 1900, the flume was replaced with pipe. All this was done with the consent of, and without any objection from, Cragun, and at considerable expense. By means of the flume or pipe line, water was carried to the company's premises for irrigation. In September, 1900, the defendant purchased his land, and on August 6, 1902, while the company was using the water to cultivate crops and fruit trees, he entered upon the right of way, tore up the pipe line, and prevented the water from flowing onto the company's land. Because of these acts, this suit was instituted, and a temporary restraining order issued, enjoining the defendant from interfering with the pipe line, which order was made perpetual at the trial of the cause, and the plaintiff's damages were assessed at $250. The action of the court in the premises has been made the basis of this appeal.

The appellant contends that the license of Cragun

to Wedell to enter upon the land in question for the purpose of constructing a flume or pipe line, being by parol, could be revoked by the owner of the land at any time; that the exercise of this right of revocation could not be inhibited by injunction; and that therefore the plaintiff was entitled to no relief in this action. This contention, under the facts and circumstances of this case, is not well taken. It is true, a mere parol license to enter upon the land of another for a specific purpose, or to construct a specified thing thereon, even if it contemplates the expenditure of money, may, so long as the license remains unexecuted, be revoked by the licensor, or owner of the land, as within the statute of frauds; but where, as in this instance, the license has induced the expenditure upon the land of considerable sums of money by the licensee, and has been fully executed in good faith, and the pipe line, or object of the license, used for a long period of time by the licensee without objection by the licensor, the law—at least, as declared by the great weight of authority — is otherwise. In such case the license to construct a particular thing on the licensor's land, and to enjoy the same without limit as to time, followed by the expenditure of money on the faith of it, will, when, as here, fully executed, be regarded and treated in equity as a binding contract, and is then irrevocable—this upon the principle of estoppel. Thereafter neither the licensor nor his grantee will be permitted to arbitrarily revoke the license, and annihilate and render useless the thing which he permitted to be constructed upon his land by the licensee, and for which he thus induced him to expend money and labor. To permit a revocation under such circumstances would be a fraud upon the licensee, because the parties could not be placed *in statu quo* after the license has become executed. This fact—that the parties can not be placed *in statu quo*—is of itself sufficient to induce a court of equity to enjoin the licensor from committing any act which will prevent the licensee from securing the benefits of the expenditures

made on the faith of the license. A right acquired by the expenditure of money under such a license is, when unlimited, commensurate with that of which the license is an accessory; and, therefore, where, as in this instance, the license results in or induces the construction of a flume or pipe line, it amounts to a grant of a right of way for the same, and confers upon the licensee the privilege to enter upon such right of way, after the license has become executed, for the purpose of repairing, maintaining, and operating the flume or pipe line. A person can not, by granting such a license, encourage another to expend money, and then, when benefits begin to flow from the expenditure, insist upon a revocation of the license. While rights so acquired may not be enforceable at common law, equity will, to prevent fraud being perpetrated upon the licensee, render them effective by restraining the licensor or his grantee from interfering with them. "A license," says Mr. Justice Gibson in Rerick v. Kern, 14 Serg. & R. 267, 16 Am. Dec. 497, "may become an agreement on valuable consideration, as where the enjoyment of it must necessarily be preceded by the expenditure of money; and, when the grantee has made improvements or invested capital in consequence of it, he has become a purchaser for a valuable consideration. Such a grant is a direct encouragement to expend money, and it would be against all conscience to annul it as soon as the benefit expected from the expenditure is beginning to be perceived."

In Huff v. McCauley, 53 Pa. 206, 91 Am. Dec. 203, Mr. Justice Strong, referring to such a license, said: "The parties can not be placed *in statu quo* after the license has been executed, and work done or money expended on the faith of it, and hence such a case is regarded as presenting a sufficient reason for a chancellor's interference to restrain any action of the licensor which would deprive the licensee of the benefit of the expenditure he was encouraged to make by the very party who seeks to make it fruitless. Equity treats the license thus executed as a contract giving absolute

rights, and protects the licensee in the enjoyment of them.''  So, in Raritan Water Power Co. v. Veghte, 21 N. J. Eq. 463, Mr. Justice Bedle, speaking of a license to construct something upon the land of another, which required the expenditure of money, said: ''To the extent that the license is executed, equity will not disturb it or permit its revocation.  Where improvements of a permanent nature have been made by a person on his own land, the enjoyment of which depends upon a right recognizable by the law, affecting the land of another, and to which his consent is necessary, and where such consent is expressly proved, or necessarily implied from the circumstances, and the improvements have been made in good faith upon it, equity will not permit advantage to be taken of the form of the consent, although not according to the strict mode of the common law, or within the statute of frauds, and, to defeat such a purpose, will, upon proper bill filed, enjoin the licensor from accomplishing his fraud, or, when he asks relief, it will be refused, or, if granted, will be allowed merely in the shape of compensation, but protecting the right of the licensee.''

De Graffenried v. Savage, 9 Colo. App. 131, 47 Pac. 902, was a case in many respects like the one at bar. There the plaintiff had constructed a ditch upon the defendant's land under a parol license from the latter, and operated the same for some time, until the defendant attempted to revoke the license by obstructing the flow of the water in the ditch.  The contention in behalf of the licensor—very like as in this case—was that the right to enter, construct, and operate the ditch was by parol license, which was revocable by the licensor at any time he saw fit, but that, by the construction of the trial court, the right of the licensee became an easement in the land of the licensor; that the easement could only be created by deed, and, as there had been no conveyance, and the license had been revoked, the licensee could not enter upon the land to repair, maintain, and operate the ditch. The court held: ''The right of way for an irrigation

ditch may be acquired by contract between the parties, by condemnation proceedings, or by the gratuitous license of the landowner. In either case, after entry and expenditure of money, the right is irrevocable. After entry under a license, and construction of the ditch, the license operates as an irrevocable grant.''

The same doctrine herein applied is maintained by Mr. Angell in his work on Water Courses. In section 318 he says: ''There appears to be no doubt that, in equity, licenses executed are taken out of the statute of frauds, and that relief may be had in equitable tribunals by the licensee against an action at law. The decisions of the courts of equity on that statute proceed on the principle, not that the right passes by parol license or agreement, but that wherever one party has executed it, by payment of money, taking possession, and making valuable improvements, the conscience of the other is bound to carry it into execution, and equity will compel him to do it.'' Angell on Water Courses, secs. 318-326; Yunker v. Nichols, 1 Colo. 551; McKellip v. McIlhenny, 4 Watts 317, 28 Am. Dec. 711; Flickenger v. Shaw, 87 Cal. 126, 25 Pac. 268, 11 L. R. A. 134, 22 Am. St. Rep. 234; Schilling v. Rominger, 4 Colo. 100; Ruffatti v. Lexington Min. Co. Co., 10 Utah 386, 37 Pac. 591; Lee v. McLeod, 12 Nev. 280; Le Fevre v. Le Fevre, 4 Serg. & R. 241, 8 Am. Dec. 696; Wickersham v. Orr, 9 Iowa 253, 74 Am. Dec. 348; Wilson v. Chalfant, 15 Ohio 248, 45 Am. Dec. 574; Turner v. Stanton, 42 Mich. 506, 4 N. W. 204; Veghte v. Raritan Water Power Co., 19 N. J. Eq. 142; Barksdale v. Hairston, 81 Va. 764.

From the foregoing considerations, we are clearly of opinion that the license in dispute, under the facts and circumstances disclosed by the record, is irrevocable, and that the action of the trial court in restraining the appellant from interfering in any manner with the pipe line is in harmony with at least the weight of authority and the better reason. The judgment must be sustained by this court, with some modification of the decree, notwithstanding that the appellant also insists

that the complaint does neither justify the decree, nor support the findings of fact and conclusions of law.

Without referring to the allegations in detail, it is sufficient to say that, while the complaint is not artistically drawn, it, in the absence of a demurrer or proper plea, sufficiently supports the findings and conclusions made, as shown by the transcript. The decree, as is apparent from the complaint and findings, erroneously describes the land upon which the flume and pipe line were constructed; and the cause must therefore be remanded, with instructions to the lower court to modify the decree by correcting such description so as to conform to the pleadings and findings of fact. When so modified, the decree and judgment must stand affirmed, with costs to the respondent. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.