[Civil No. 1387.   Filed April 17, 1915.]

[147 Pac. 750.]

## CHAS. DAVIS, Appellant, v. W. A. TWAY, Appellee.

LICENSES—RIGHT TO REVOKE—"EASEMENT."—Where defendant, whose land lay between that of plaintiff and an irrigating ditch, agreed that plaintiff should have a permanent right of way to carry water to his property until the reclamation service should provide other means for conducting irrigation water, plaintiff had only a revocable "license," and could not claim an "easement."

[As to revocability of licenses to enter upon or pass over real estate, see notes in 16 Am. Dec. 501; 43 Am. Dec. 195; 54 Am. Dec. 166; 31 Am. St. Rep. 712. As to revocability of executed license on faith of which licensee has incurred expense, see note in Ann. Cas. 1913A, 74.]

APPEAL from a judgment of the Superior Court of the County of Maricopa.   J. C. Phillips, Judge.   Reversed with directions to dismiss.

### STATEMENT OF FACTS BY THE COURT.

Appellant is the owner of land intervening between the Eastern Canal (Reclamation Service canal) and 40 acres of land owned by appellee.   To irrigate his 40 acres appellee, according to his complaint and evidence, obtained parol permission or license from appellant to make temporary ditches over and across the land of appellant.   Two of such ditches were made and used for a short time, when appellant revoked the license.   Whereupon the ditch involved in this suit was constructed.   In regard to the understanding concerning this last ditch the appellee alleges:

"That if the plaintiff would construct a ditch along the new right of way, to be designated by the defendant, the plaintiff should have a permanent right of way along the new route, until the Reclamation Service should provide other means for conducting irrigation water to the said land of plaintiff over the said property of defendant."

It is alleged that the route of ditch was staked out by appellant and constructed by appellee across the former's

land some time after February, 1911, at the appellee's sole
cost, with a carrying capacity of 300 miner's inches, and was
for the benefit of both parties. About August 30, 1912, ap-
pellant on his own land obstructed said ditch by filling it for
a space of 10 rods and forbade appellee from its further use.
It is shown that appellee had growing crops on his land, and
that appellant would continue to obstruct the ditch unless
restrained, and that the Reclamation Service had not provided
other means of conveying irrigation water to the premises of
appellee. Upon this showing a temporary restraining order
was issued. The appellant answered by demurrer, by de-
nials, and by pleading the statute of frauds, in that the license
or easement claimed was not evidenced by any writing signed
by appellant or his agent. Upon final hearing the temporary
injunction was made permanent, in the following form:

"That the plaintiff be and he hereby is granted a right of
way for conducting irrigation water over and across the land
of defendant, to wit: [here description of land] through the
irrigation ditch built by the plaintiff and as now located and
constructed across said land, and to enter upon said ditch for
the purpose of cleaning and repairing the same, until such
time as the United States Reclamation Service shall provide
other means of conducting irrigation water from the canal
adjoining said lands to the lands of the plaintiff."

Mr. M. J. Dougherty and Mr. F. M. Ward, for Appellant.

Messrs. Silverthorn & Sexton, for Appellee.

ROSS, C. J.—Appellant assigns numerous errors, but as
the question involved is fundamental, we will disregard all
complaints except the one which is embodied in this question:
Was the license granted irrevocable by reason of the im-
provements and expenditures made and laid out by the
appellee in the construction of the ditch?

The question is one of first impression in this jurisdiction.
Looking to the decisions of other courts, we find there is a
lack of uniformity of agreement, it being held on the one
hand that an executed parol license involving the expenditure
of time and money, under certain circumstances, will ripen
into an easement and others holding that an interest in land

such as an easement can only be acquired by deed or by prescription. The latter rule preserves in full force and effect the statute of frauds, but sometimes its strict enforcement, instead of preventing fraud, would be the efficient instrument of working a fraud, in which case and to avoid such a result the courts have oftentimes invoked equitable estoppel. A slight excursion into the evidence in this case convinces us that equitable estoppel should not apply. In the first place, the appellee's complaint shows that the license given him was only temporary—as we read it—and he must have so understood it. The allegation, "that the plaintiff should have a *permanent* right of way, *until the Reclamation Service should provide other means* for conducting irrigation water to said land of plaintiff," is contradictory, in that it could not be "permanent" unless the limitation of time therein implied is without meaning. The evidence is to the effect that the Reclamation Service had, at the time of granting the license to appellee by appellant, already surveyed a ditch along its right of way to provide appellee water for irrigating his land. The construction of this contemplated ditch in 30 days, in six months, in one year, according to his allegations, would have automatically terminated his license. It was not, by the very terms of his license, as given by himself, in the contemplation of either of the parties that he should have a permanent right of way. Its determination was dependent upon the happening of a stipulated event, upon the action of an agency over which, so far as the record is concerned, neither party had any control. It can only be inferred from the record that the Reclamation Service might, at some time in the future, immediate or distant, as its own convenience, whim or ability should dictate, conclude to construct a ditch for appellee's land. It is not shown to be under any obligation, legal or otherwise, to connect appellee's land with the source of his water supply. Should the Reclamation Service refuse or fail to provide appellee with a ditch, he would, under the decree of the court, have a permanent easement over appellant's land against his expectation, and certainly by virtue of no agreement to that effect by appellant. Viewed from any aspect, appellee was given only a temporary use of a right of way over appellant's land, and, that being

true, any outlay made by him in improvements was at his peril.  2 Kinney on Irrigation and Water Rights, section 982, says:

"A temporary right of way over the lands of others for ditches and canals may also be acquired by permission of the land owners, without any consideration and with no definite limitation as to time, in which case the right is a mere license, which may be revoked at any time.  Where the privilege granted is simply permissive, it may be revoked at any time, though money has been expended thereon by the licensee. Such a licensee is conclusively presumed, as a matter of law, to know that a license is revocable at the pleasure of the licensor; and, if he expends money in connection with his entry upon the land of the latter, he does so at his peril. Such a license creates no interest in land."

The privilege or license pleaded by appellee has "no definite limitation as to time," but, on the contrary, it appears very indefinite, depending on the action of a third party over whom neither appellee nor appellant had any control so far as we are advised.

We would have it understood that we do not disapprove, but rather approve, that large line of cases holding that an easement may be acquired under a verbal license where the licensee has taken possession and at considerable expense and trouble made permanent improvements with assurances, either express or implied, from the licensor of a continuous license. In such cases, it will be found that the conditions and circumstances under which the license was granted invariably were of a character to lead the licensee to make his improvements believing that his occupancy was to be a continuous one, and not pending the will of the land owner or any third party. One of the leading cases of this kind is *Maple Orchard Grove & Vineyard Co.* v. *Marshall*, 27 Utah, 215, 75 Pac. 369, cited by appellee.  The court said:

"In such case the license to construct a particular thing on the licensor's land, and to enjoy the same *without limit as to time*, followed by the expenditure of money on the faith of it, will, when, as here, fully executed, be regarded and treated in equity as a binding contract, and is then irrevocable." (Italics ours.)

Another case cited by appellee is *Stoner* v. *Zucker,* 148 Cal. 516, 113 Am. St. Rep. 301, 7 Ann. Cas. 704, 83 Pac. 808, in which the court held the license irrevocable, saying that "from the very nature of the license given, it was to be continuous in use." Another case relied upon by appellee is *Shaw* v. *Proffitt,* 57 Or. 192, Ann. Cas. 1913A, 63, 109 Pac. 584, 110 Pac. 1092. In this case it appears that the licensee acted upon the following letter from the licensor:

"I have just . . . found your letter of the 19th inst., asking for right of way through my land. . . . Would say, go ahead, the more ditches you build the better it will suit me."

Pursuant to this license a ditch was constructed over the licensor's land at an expense of $6,000 or $7,000. The court said: "A permanent way appears to have been the intention of the parties, and such intention must control." This court quotes with approval from *Metcalf* v. *Hart,* 3 Wyo. 513, 551, 31 Am. St. Rep. 122, 27 Pac. 900, 914, as follows:

"Each case stands upon its own circumstances. . . . When we have traveled through the mass of decisions, cloudy and conflicting at times, and have arrived at the principle that equity will relieve where there is fraud, actual or constructive, we have arrived at a principle in regard to which there is no conflict. And courts of equity . . . are very generally agreed that the revocation of a parol license to *permanently occupy and improve* realty after any considerable expense has been incurred on the faith of such license, under circumstances such that the parties cannot be placed *in statu quo,* is either actual or constructive fraud." (Italics ours.)

In the license pleaded in the instant case, the intention was not a permanent, continuous occupancy, but a temporary makeshift, and the appellee did not acquire an easement in the land of appellant.

The evidence is conflicting as to the terms of the license, the appellant testifying that it was limited to October, 1911, in which he was corroborated by at least one other witness, a tenant of the land to be irrigated from the ditch in question. Before decreeing a licensee an interest in the realty of the licensor on the ground of estoppel, upon a verbal license, in derogation of the statute of frauds, the evidence should be clear and convincing that it was the intention of the owner of the servient estate to grant a permanent right of way, and

that the licensee had a right to proceed in the making of his improvements upon that theory.

The judgment is reversed. with directions that the complaint be dismissed.

FRANKLIN and CUNNINGHAM, JJ., concur.

Application for rehearing denied.