# Richmond.

## YOUNG AND OTHERS v. YOUNG AND OTHERS.

### January 14, 1909.

#### Absent, Cardwell, J.

1. WILLS—*License to Sell Timber—Estate in Timber.*—Under a will giving to a person the right to sell any timber on a given tract of land, only a license to sell the timber passes to such a person. No estate or property in the timber itself is created until it is actually severed from the freehold.

2. WILLS—*Devise of Definite Portion of a Large Tract—Election.*—A devise of twelve acres, part of a tract of upwards of four hundred acres, without specifying its location, is a good devise, and the devisee has the right to elect from what portion of the larger tract it shall be taken.

3. WILLS—*Devise of Part of Larger Tract—Election—When to Be Made—Laches—Election After Sale—Share of Purchase Money. Partition.*—A devisee who has the right to elect from what part of the larger tract he will take a definite portion thereof devised to him, may make his election to be compensated out of the purchase money after the land has been sold in a partition suit brought for the purpose, and before distribution of the proceeds, where it does not appear that the delay has not operated prejudicially to any of the parties in interest, or that it has interfered with or rendered more difficult a proper disposition of the controversy. He has the right to compensation on the basis that his portion was assigned from the most valuable part of the tract.

4. APPEAL AND ERROR—*Objection for First Time in Appellate Court— Failure to Assign Error.*—This court will not pass upon alleged errors in the report of a commissioner in chancery where the report was confirmed without exception or objection in the trial court, and no error is assigned with respect to it in the petition for appeal.

5. Judicial Sales—*Compensation of Commissioner—Counsel Fees.*— The compensation to a commissioner for selling land and collecting and paying over the purchase money is fixed by section 3404 of the Code, which declares that no greater commission shall be allowed, and the fee already received by counsel for the parties in this cause is adequate compensation for the services rendered.

6. Evidence—*Experts—Extra Compensation.*—An expert who gives his opinion as to the value of timber on a tract of land, but who is not shown to have been at any expense of time, labor or otherwise, in preparing himself to testify, is not entitled to extra compensation.

Appeal from a decree of the Circuit Court of Chesterfield county. Appeal by the complainant and one of the defendants. .

*Reversed.*

The opinion sufficiently states the case on all points except as to the extra compensation claimed by the expert witness. On this point the expert testified that he had been a "timber estimator for about 25 years" and that he had examined the wood and timber on the farm mentioned in the bill, and had made a detailed report of such examination, giving his valuation of said wood and timber. He was not questioned as to time or labor expended in making the examination and report, but the following question was asked and answer given:

Q. "In coming here to testify as an expert is your charge more than the usual witness fee? If so, file your bill with the commissioner."

A. "Yes, my charge is $10.00."

*Frank T. Sutton, Jr.,* for the appellants.

*C. L. Page* and *A. X. Montiero,* for the appellees.

Keith, P., delivered the opinion of the court.

The bill in this case was filed by W. J. Young, one of the

devisees of Sarah Young, deceased, for the construction of her will, settlement of her estate, the partition or sale of her real estate, and the distribution of the proceeds among those entitled thereto. All persons in interest were made parties defendant, and the court entered a decree, which is now before us for review.

The will to be construed is as follows:

"I, Sarah F. Young, declare this to be my last will and testament at my death:

"1st. The east side of my farm to be sold first to pay *of my indetness.*

"2nd. I gave the right to S. E. Young, D. S. Young and W. J. Young the right to sell *eny* timber or wood on my farm my three children.

"3rd. I bequeath to Lucy Atkisson, my daughter, fifty dollars or $12\frac{1}{2}$ acres of land from my estate.

"4th. I have given to my daughter, M. S. Adams, all that I intend to give her from my estate, the house in *whitch* she now resides *in* and $59\frac{3}{4}$ of land.

"4th. I give to W. S. Young, my grandson, 25 acres of land from my estate.

"5th. I give to S. E. Young, D. S. Young and W. J. Young, my three children, all of my household effects.

"6th. I want my place to be a home for my three children, S. E. Young, D. S. Young and W. J. Young, and my grandson, W. S. Young. I request the *cort* to let my son, D. S. Young, to settle up my estate without security."

The court was of opinion that under the second clause of the will only a license to sell timber passed to the person therein named, but that it created no estate or property in the timber itself until it was actually severed from the freehold; and in this we are of opinion that the circuit court was plainly right.

*Hodgson* v. *Perkins,* 84 Va. 706, 5 S. E. 710; *Barksdale* v. *Hairston,* 81 Va. 764; and *Keystone Lumber Co.* v. *Kolman,*

94 Wis. 465, 69 N. W. 165, 34 L. R. A. 821, 59 Am. St. 905, where it is held, that a license to cut and sell timber does not vest title in the licensee prior to the severance of such timber. *Macomber* v. *Detroit, &c. R. Co.,* 108 Mich. 491, 66 N. W. 376, 32 L. R. A. 102, 62 Am. St. 713.

It is assigned as error, that the circuit court allowed D. S. Young, as assignee of Lucy Atkinson, only $4 per acre for the 12½ acres devised under the third clause of the will, and at the same time allowed W. S. Young $90 an acre for the land devised to him under the fourth clause of the will.

In Jarman on Wills (6th ed.), p. 361, it is said: "Where the gift comprises a definite portion of a larger quantity, it is not rendered nugatory by the omission of the testator to point out the specific part which is to form such portion, the devisee or legatee being in such case entitled to select, by which means the subject of the gift is reducible to certainty; and *id certum est quod certum reddi potest* is a settled rule in the construction of wills. Thus, if a man devise two acres out of four acres that lie together, it is said that this is a good devise, and the devisee shall elect."

See also *House* v. *Ewer,* 37 N. J. Eq. 368; *Love* v. *Stiles,* 25 N. J. Eq. 381; *Youmans* v. *Youmans,* 26 N. J. Eq. 149.

The principle established by these authorities is not disputed by appellants, but their contention is (1) that Walter S. Young, by his laches in failing promptly to assert his right, had lost it; and (2) that the facts established in the record do not sustain the decree as to the amount to which Walter S. Young is entitled.

We do not think the position of appellants well taken with respect to the laches of Walter S. Young. It is true his answer was not filed until after the court had ascertained that the real estate was not susceptible of division, had decreed a sale, and a sale had actually been made. His answer was filed, however, before there was any distribution of the pro-

ceeds. It does not appear that the delay has operated prejudicially to any of the parties in interest, or that it has interfered with or rendered more difficult a proper disposition of the controversy. There is nothing in the facts proved which shows that Walter S. Young could have selected 25 acres in kind, so as to protect his own interest and at the same time inflicted less injury upon others than follows from the course which has been in fact pursued. He had, then, the right to make the selection, it has not been lost by his laches or his acquiescence, and the only question which remains is, does the evidence support the decree in his favor?

The matter was referred to a commissioner, who reported that he was entitled to the value of 25 acres of land at $90 per acre. It is true that the land appears to have been of very unequal value, its chief element of value consisting in the wood and timber upon portions of it; and the report of the commissioner appears to have been rested to a great extent, if not wholly, upon the testimony of J. L. Duval. This witness, after stating that he estimated the value of the timber upon the entire tract at $7,070, which would give an average value per acre of timber of $17, was asked this question:

"Can you say approximately how many acres in the whole tract were heavily timbered, and what you would regard as a fair average value per acre of that portion? A. I cannot give the acreage on it, but there are acres of timber next to Robious which would cut 20,000 feet per acre. If there were a sufficient quantity of it, it would be worth from $4 to $5 per thousand feet on the stump. I mean if it were enough to justify an independent location for a sawmill, and I think there is enough for a small sawmill."

We do not think this evidence sufficient to sustain the decree. It does not establish that there were 25 acres from which 20,000 feet per acre could be cut, worth from $4 to $5 per thousand feet on the stump. The witness expressly declines

to make any such estimate, and it is a mere leap in the dark to undertake to make it for him. We think, in this respect, the decree is erroneous.

We are further of opinion that the same principle which allowed W. S. Young to select 25 acres, under the fourth clause of the will, equally entitles the assignee of Lucy Atkinson to make selection of 12½ acres, under the third clause of the will; so that there should be an inquiry as to what would be the value of 37½ acres of the most valuable land of the estate of Sarah F. Young, of which 25 parts should be given to Walter S. Young and 12½ parts to the assignee of Lucy Atkinson.

Under the sixth clause of the will, the decree appealed from holds that the devisees therein named took a fee simple.

Without expressing any opinion as to the correctness of this ruling, we shall content ourselves with saying that the commissioner reported that he had entertained grave doubts upon the subject, but had finally concluded to report that the devisees named in this clause took an absolute estate; that in reaching this conclusion he was in large measure influenced by the fact that Mrs. Adams and Mrs. Wilkinson in their answers disclaim any interest under this clause, and they alone could have an interest adverse to the parties therein named. The report of the commissioner with respect to this matter was not excepted to; the decree confirmed the report; and there is no error assigned with respect to it in the petition.

It is assigned as error, that the decree appealed from allows J. M. Gregory an attorney's fee of $300, when he had already received on account of fee $200, and as special commissioner of sale the sum of $220.

This matter was referred to a commissioner, with directions to report what further fee, if any, J. M. Gregory is entitled to for such services; which the commissioner answers as follows: "Your commissioner respectfully submits those two questions to the determination of the court, upon the record

and the evidence of said Gregory, returned with the report; but your commissioner thinks from the best consideration he can give the matter, that he should have a further fee of about $300.00, but he submits to the court what proportion of this should be borne by the parties he at present represents."

This was a suit in chancery for the partition or sale of certain real estate among the parties entitled. The only question involving any difficulty arose upon the claim of Walter S. Young, and that led to no serious litigation. We see nothing in the record which an attorney was called upon to do for which the sums already paid to Mr. Gregory were not an adequate remuneration. He received in fees as an attorney $200, and $220 as a commissioner of sale; and the whole of his evidence before the commissioner upon his request or claim for additional compensation as attorney is addressed to the difficulty which he had to overcome, the service which he rendered, and the increased price he obtained for the land by his vigilance and activity in the discharge of his duties as a commissioner. But with respect to his compensation as commissioner, the statute law of this State is explicit.

Section 3404 of the Code provides: "For the services of commissioners or officers under any decree or order for a sale, including the collection and paying over the proceeds, there shall not be allowed any greater commission than five *per cent.* on the first three hundred dollars received by them, and two *per cent.* on all above that. And if a sale be made by one commissioner or officer, and the proceeds be collected by another, the court under whose decree or order they acted, shall apportion the commission between them as may be just." *Womack* v. *Paxton's Ex'ors,* 84 Va. 9, 5 S. E. 550.

We are of opinion that there was no error in the refusal of the court to allow J. L. Duval a fee of $10 as an expert witness.

The decree appealed from must be reversed, and the cause remanded to be further proceeded in, in accordance with this opinion.

*Reversed.*