ARGO *v.* IRWIN-UNION TRUST COMPANY, ADMINISTRATOR, ET AL.

[No. 14,023. Filed November 21, 1930. Rehearing denied March 3, 1931. Transfer denied July 3, 1931.]

*John Rynerson, Lloyd C. Bryer* and *Donald P. Shinn,* for appellant.

*Charles S. Baker* and *Frank N. Richman,* for appellees.
*Edward F. White, Amicus Curiae.*

NICHOLS, J.—This was a proceeding instituted by appellee to construe the will and codicil of Mary E. Bozell, deceased, which, so far as here involved, reads as follows:

"Item No. 2. I will and devise to my sister, Lucetta Argo, ten acres of real estate in Columbus Township, Bartholomew County, Indiana.

"Item No. 3. I will and devise to Harry Argo and Gordon Steinbarger, each, 30 acres of real estate out of my farm in German Township in Bartholomew County, Indiana. The real estate herein devised to them [to] be set off to them so as to include the improvements on said real estate. The said Harry Argo and Gordon Steinbarger to have and to hold said real estate during their natural lives and at the death of both of them said real estate be sold and the proceeds thereof be divided among my brothers and sisters and the children of my deceased brothers and sisters.

"Item No. 4. I will and devise to Dessie Crofoot 20 acres of real estate in German Township, Bartholomew County, Indiana, for and during her natural life and at her death to be the property of my deceased brothers and sisters and the children of my brothers and sisters then living, to take said real estate *per stirpes* and not *per capita.*

"Item No. 6. I will and devise all the residue of my real estate and the residue of personal property to my brothers and sisters then living and to the children of my deceased brothers and sisters. Said real estate and personal property shall be divided *per stirpes* and not

*per capita.* If the said Gordon Steinbarger, a son of a deceased sister, shall not be living at my death, then the share herein devised to him shall be the property of the children of said Gordon Steinbarger, by his second marriage.

"Codicil. Item No. 1. I direct and devise that the real estate devised to Gordon Steinbarger and Harry Argo, in Item No. 3 of my said last will for life, that my executor herein named shall have the possession and control of said real estate devised to said Gordon Steinbarger and Harry Argo and shall rent the same during the lifetime of said parties and after the payment of the tax thereon and the expense of maintenance of said real estate, the balance of the said rents shall be paid to the said Gordon Steinbarger and Harry Argo as set forth in said Item No. 3 and at the death of said Gordon and Harry then the real estate to be sold and the proceeds to go as provided in said Item No. 3."

All heirs, legatees and devisees, except Maxine Woodruff, were made parties at the time the petition was filed, and she afterward entered her appearance. All parties except Harry Argo were satisfied with the judgment. After his motion for a new trial because of the insufficiency of the evidence to sustain the decision of the court and because the decision is contrary to law had been overruled, he brings this appeal. By the judgment, he was given the beneficial interest for his life in 30 acres of an 80-acre farm in German Township, Bartholomew County. He contends that he should have had a beneficial interest in 60 acres instead of 30 acres. But the language of Item 3 of the will precludes this construction. While the devise is to appellant and Gordon Steinbarger, it is to be observed that it is to *each, 30 acres.* One provision of this item seems to justify an interpretation that a joint holding was intended, and that is that the land devised to them should be so

set off as to include the buildings. There was but one set of buildings, and, of course, they could not be on two separate 30 acres. But the testatrix, by her codicil, undertook to obviate this situation by giving the possession of both 30-acre tracts to the executor, and the net proceeds to appellant and Steinbarger. We can think of no motive for such a provision other than, as appellee suggests, to settle any controversy that might arise as to the possession of the buildings.

Steinbarger died before the testatrix, and the court held that the devise, by reason of such death, lapsed. This holding was contrary to the express provisions of the will for Steinbarger had, at the time of his death, children, by both a first and a second marriage, the will providing that, under such happening, the land should go to the children of his second marriage. But appellant could not have been harmed by such holding, for the devise which the court held had lapsed was, under the provisions of the codicil, sold and the proceeds became a part of the residuary devise in which appellant shared.

The various devises of tracts of land were indefinite in their descriptions. Appellant complains of the devise to Lucetta Argo, saying that it is void for indefiniteness. But it is the law that a devise of a definite amount of land from a certain tract is not rendered invalid by the testator's failure to designate the specific part which is to form the portion, for, by selection by the devisee, the gift is reduced to certainty. Thompson, Construction of Wills §285; Jarman, Wills (6th ed.) p. 361; 40 Cyc. 1535, note 92; *Young* v. *Young* (1909), 109 Va. 222, 63 S. E. 748; *Lore* v. *Stiles* (1874), 25 N. J. Eq. 381; *Youmans* v. *Youmans* (1875), 26 N. J. Eq. 149.

The land devised to Lucetta Argo was described by metes and bounds and set off to her by the court, which

action of the court was acquiesced in by her. We may remark that appellant's argument applies with equal force to his own devise.

Though the court erred in setting off 15/270 of the residuary estate to Maxine Woodruff instead of to the children of Gordon Steinbarger by his second marriage, appellant could not have been harmed thereby.

Affirmed.