BENJAMIN F. NICHOLS, Appellee, v. BENJAMIN F. SWICKARD, Appellant.

No. 40286.

FEBRUARY 10, 1931.

*J. G. Kammerer* and *Matthew Westrate,* for appellant.

*Nichols, Tipton & Tipton* and *Gus Allbee,* for appellee.

ALBERT, J.—Townsend Nichols, a resident of Los Angeles, California, made a will on June 25, 1914. He owned at that time over 2,000 acres of land in Iowa, and, among the other provisions

 of this will, he gave a life estate in a certain 160 acres of land, specifically described, to a nephew, Myrton W. Brockway, with remainder over to his grandnephew, Benjamin F. Nichols, plaintiff in this case. In the fourth division of the will he gave a life estate in another specifically described 160 acres to Ida O. Nash, with the remainder over to Benjamin F. Nichols. In the fifth paragraph he gave a life estate in another definitely described 160 acres to Benjamin F. Swickard, with the remainder over to Benjamin F. Nichols; and this is the tract of land involved in this controversy. In the sixth paragraph he gave a life estate in another definitely described 160 acres to Mary M. Black, with the remainder over to Benjamin F. Nichols. In the seventh paragraph he gave a life estate in another definitely described 160 acres to Townsend B. Nichols, with the remainder over to Benjamin F. Nichols; and to the widow of Matthias Swickard he gave a life estate in another definitely described 160-acre tract, with the remainder over to Benjamin F. Nichols. In the ninth paragraph he gave a life estate in another definitely described 160-acre tract to John Nicola, with the remainder over to Benjamin F. Nichols. In the tenth paragraph he devised the rest, residue, and remainder of any and all real property to Benjamin F. Nichols. In the eleventh paragraph he disposed of his personal property in trust, and provided that, on the ending of the trust, the corpus thereof should go to Benjamin F. Nichols.

The testator, Townsend Nichols, was 79 years of age at the time this will was executed. He died December 6, 1926. On May 19, 1926, he executed in due form what is claimed to be another will. Both of these instruments were admitted to probate in California, and also in Iowa. This latter instrument reads as follows:

"May 19, 1926

"I, Townsend Nichols, give and bequeath to

B. F. Swickard 160 acres

Myrton Brockway 160 acres

Ida Nash 160 acres

Harvey B. Franklin all property that was transferred from Harvey B. Franklin to B. F. Nichols

Melissa Black to be taken care of by B. F. Nichols. The remaining land to B. F. Nichols all bonds to Harvey Franklin.''

Duly signed and attested.

The action here is to quiet title, the grandnephew, Benjamin F. Nichols, being plaintiff, and Benjamin F. Swickard, the bene-ficiary under the fifth paragraph of the will as above set out, plaintiff claiming that he is the owner in fee of this land in question, whereas the defendant claims that he is the fee owner of the land. This gives rise to the question before us for determination.

By referring to the second instrument above set out, it will be noticed, so far as the defendant, Swickard, is concerned, that all that is said is, ''I give and bequeath to B. F. Swickard 160 acres.'' No definite description or location of the land is given. There is nothing in the terms of the instrument itself by which the land given to Swickard may be identified: and it is claimed by the plaintiff, therefore, that this devise must fail, and that, as the plaintiff is given the remaining land by a later clause in the instrument, he thereby becomes the owner of this land. With this contention we cannot agree. The evidence shows that, aside from the land covered by the first will, the testator, at the time of his death, was possessed of over $100,000 in personal property; and with the exception of the bonds, which were given to Harvey Franklin, no disposition whatever was made of the balance of the personal property.

The general rule governing the lapsing of legacies and devises,—namely, that they fall into the residuary estate,—is too well recognized to require citation of authority. The question here  is whether or not this general rule will have any application. It will be noticed, under the wording of the second instrument, that the usual form ''the rest, residue and remainder of my estate,'' or its equivalent, is not used, but the will simply says, ''the remaining land to B. F. Nichols.'' The claim of the plaintiff is that, by the use of these words, he is made the residuary devisee of said estate, and therefore the general rule that lapsed legacies fall into the residuary estate applies, and he is, therefore, the fee owner of this land.

The general, ordinary, and usual signification of the term ''residuary estate'' is what remains after satisfaction of the

debts, expenses of administration, legacies, and devises has been made. The purpose of such clause is to make a complete testamentary disposition of the testator's estate, so that no part of it may be left to pass as intestate property. We cannot hold, therefore, that, if the devise to the defendant herein should fail, it should be treated as a lapsed legacy, and fall to the plaintiff, because the instrument itself shows on its face that there were 480 acres of land which the testator did not intend plaintiff to have. More than this, we do not feel disposed to hold that a residuary estate was created here, within the meaning of the rule that lapsed devises fall into the residuary estate.

Passing this question, however, the defendant asserts in his pleadings that he is the owner of this land in question, and that, while the devise to him in the latter instrument does not contain any definite description or identification of the property, yet he is entitled to the land in question because he has lived on it for many years, and has, in fact, elected to accept the same, under the terms of the latter instrument. This confronts the court with an entirely new question in our procedure.

1 Page on Wills (2d Ed.), Section 839, lays down this rule:

"A gift of real property by area, value, or some other method of description which would be, of itself, indefinite, may be made definite by giving to the devisee the power to select such area, value, and the like, out of testator's realty, or out of some specific part thereof. Such power of selection may be given specifically, as by a gift to A of the first choice of testator's houses and lots; * * * or * * * may be given by implication. A gift of 'a house' to a devisee, testator having more than one house, and the rest not being devised specifically, is said to give to the devisee the power of selection. Where testator owned six houses and lots, and devised three of them specifically, one to each of three children who were named, and provided that the other three children should each have 'one house,' was held to give to such three children the choice of the three undevised houses in the order in which the children were named. A gift of a certain number of acres, not otherwise located, has been held to give a power of selection to the devisees, where testator has a larger area."

In California, in *In re Estate of Bernal*, 165 Cal. 223 (131 Pac. 375), it was held that such a devise is a gift of a proportionally undivided interest in the entire tract. As supporting this

theory of the right of selection see *In re Will of Turner*, 206 N. Y. 93 (99 N. E. 187); *Prater v. Hughston*, 202 Ala. 192 (79 So. 564); *Potomac Lodge v. Miller*, 118 Md. 405 (84 Atl. 554); *Tapley v. Eagleton*, 12 Ch. Div. (L. R.) 683; *Moye v. Moye*, 58 N. C. 359; *Young v. Young*, 109 Va. 222 (63 S. E. 748); *Duckmanton v. Duckmanton*, 29 L. J. Exch. 132. See also 2 Schouler on Wills, Executors & Administrators (6th Ed.), Section 1110; Rood on Wills (2d Ed.) 504, Section 515a; 40 Cyc. 1488.

It would appear from this line of authority that the defendant herein was entitled to a fee-simple title to 160 acres of land, to be selected by him, and even though he had not made a selection, plaintiff would not be entitled to have his title quieted as to this particular tract of land. But we think, under the record made in this case, that defendant has made a selection by his acts and conduct in relation to this tract of land. The evidence shows that he was in possession of this particular tract, and as defendant herein, he pleads and asserts that he is the owner of the same in fee simple. There is no method marked out by statute for any specific method of selection.

In the case of *Potomac Lodge v. Miller*, supra, Brendel, the testator, owned several houses and lots. In the first item of his will he gave to his son, Henry, "first choice of all my houses and lots." In the second item he gave to his daughter, Catherine, "the second choice of my houses and lots." The claim in the case was that Henry died without having exercised his right of choice. In relation to this question the court said:

"It was said in the opinion of Judge Price, adopted by our predecessors in *Whitridge v. Parkhurst*, 20 Md. 62: 'It is certain that an election may be determined by matter *in pais*, as well as by matter of record, but it can only be by plain and unequivocal acts. *White's Eq. Ca., Streatfield v. Streatfield*, 65 Law Library 289. It may be either *express* or implied. Considerable difficulty often arises in deciding what acts of acceptance or acquiescence amount to implied election. This question must be determined more upon the circumstances of each particular case than upon any general principle [citing authorities]. * * * To constitute an election there must be a choosing between the two; the taking of the one and the rejection of the other.' We, of course, understand that the election there spoken of is not precisely the same as the choice, election, or selection, whatever it

may be called, Henry was to make; but there can be no more ground for allowing such an election as is referred to in that case to be determined by matter *in pais* than there is for such as there was in this case, and it is for that reason we refer to and rely on that decision as decisive of the right to prove the 'first choice' by matter *in pais.*"

As this action is in equity, the rights of the respective parties hereto can be protected by the decree; and we hold that the defendant has elected to take this particular tract of land under the terms of the will, and plaintiff must fail, therefore, in his action, and his petition should have been dismissed.

The lower court relied on *Eckford v. Eckford* (Iowa), 53 N. W. 345 (not officially reported). A rehearing was granted in this case, however, and a contrary conclusion reached on a resubmission of the case. 91 Iowa 54.

The conclusion we have reached pretermits a discussion of whether or not the latter instrument shall be treated as a codicil to the first will or whether it revokes it, so far as the matters here involved are concerned, because the result would be the same in either case.—*Reversed.*

FAVILLE, C. J., and EVANS, DE GRAFF, MORLING, KINDIG, and WAGNER, JJ., concur.

STEVENS, J. (specially concurring.)—I concur in the result reached by the majority in this case upon the ground that the plaintiff appellee acquired no title to the tract in controversy under the instrument executed by Townsend Nichols May 19, 1926. I am of the opinion that the devise to appellee of the remainder of the land is not, in legal effect, a devise of the residue of the testator's estate. The petition should, in my opinion, have been dismissed, on the ground, as stated above, that appellee was without title to the premises. Upon whether the doctrine of selection, approved by the majority, should be adopted in this state, I express no opinion. I am, however, satisfied that it is not properly invoked in this case, upon any possible construction of the instrument, a proper interpretation of the issues, or due consideration of the facts. Appellant has neither claimed the right of selection in any issues tendered by him or under the instrument, nor has he, intentionally or otherwise, made an election. The result of the majority holding would seem to make possible

the substantial carrying out of the intention of the testator. My disagreement is with the premises.