MARGARET LONG, Appellant, v. MARY ELIZABETH KLINE et al., Appellees.

No. 43375.

JUNE 19, 1936.

REHEARING DENIED SEPTEMBER 25, 1936.

Treichler & Treichler, for appellant.

Crissman & Bleakley, for appellees.

ANDERSON, J.—The plaintiff is the daughter of one David P. Long and the defendants are the administrator and the three children of her brother, Ben W. Long. The plaintiff's claim is that about the year 1903, her father, David P. Long, orally gave to her certain lots in the town of Paris, Linn County, Iowa, and a tract of land adjoining the same consisting of about 47 acres. It appears from plaintiff's evidence that the father, David P. Long, had for many years resided upon a 280-acre tract of land which he owned, and that about the year 1903, he purchased the town property and the 47-acre tract adjoining and moved to the town of Paris; that his daughter, the plaintiff, had resided with him on the farm all her life and when the father and mother moved to town the daughter continued to reside with them there on the premises purchased by the father. The father died intestate in 1906, and the plaintiff and her mother continued to reside upon the property here involved until 1919, when the mother died intestate; that the estates of the father and mother were never administered upon. The plaintiff, Margaret Long, and her brother, Ben W. Long, were the only children and heirs of David P. Long and his wife, Mary; that after the mother's death the plaintiff continued to occupy the property in Paris and lived there with one James Evans, who it appears had lived with the father on the farm for many years and had continued to live with the family after they had moved to Paris, Iowa. Some time after the death of the mother, the son, Ben W. Long, moved upon and farmed the 280-acre tract. The brother, Ben W. Long, died intestate in October, 1930, leaving the defendants, other than the administrator, as his only children and sole heirs at law. This action was commenced in 1935.

The plaintiff asked in her petition that the title to the property in Paris, Iowa, be quieted in her and that title to an undivided one-half of the 280-acre farm be also quieted in her, but there appears to have been no adjudication by the trial court as to any rights of the respective parties in the 280-acre farm, and the disposition of this case should in no way affect the rights or title of the respective parties in or to the 280-acre tract.

We have carefully read the record including the transcript which is certified to us and are constrained to hold that the evidence falls far short of establishing a parol gift of the property in question. The competent evidence to be considered consists of statements of four witnesses as to the declarations made by the father, David P. Long, during his lifetime as to the alleged gift. One of these witnesses, James Evans, who was living with the plaintiff and who had made his home with the family for many years, testified that the father said that the place in town was being fixed up for Margaret, and was to be hers. That statement was made after the family had moved from the farm and were residing in the town property. This witness also said that the general talk of the family was that the place was to belong to Maggie (Margaret). This occurred about thirty-two or thirty-three years before the trial. Another witness, Bremer, testified that in 1902, or 1903, the old gentleman, Long, stated to him that he was giving the place to Margaret, and that he was paying for the same and was repairing and rebuilding the house, and that he wanted some money that the witness owed him to pay for the repairs. Another witness, Domer, testified that after the death of David P. Long the widow, Mary Long, said ''she would give that place to Maggie Long.'' Another witness, Freeman, testified that he heard Ben W. Long, the brother, make a statement to the effect that the 47 acres in or near Paris belonged to Margaret. This is all the evidence other than the testimony of the plaintiff herself which tends in any way to support the claim of the plaintiff as to the alleged oral gift. The plaintiff herself testifies that the house was repaired and rebuilt by her father, and that after her father's death she and her mother made some additional repair to the house and also built a silo. She also testifies that she at no time had an independent income, and it must be concluded that any funds that were used in the repair of the dwelling house or the payment of taxes on the Paris property were proceeds either from the 47-acre tract cr from the 280-acre farm. It follows that there is no competent evidence of the original making and consummation of the claimed gift. To establish a contract of this kind the evidence must be clear, substantial, and convincing. There is no evidence from which it can be said that the father surrendered any rights over the land in question and no evidence of any change of possession other than occurred by the death of the father and

mother, as we have mentioned. There is no evidence of anything that was done by the father or by the daughter after the alleged gift that indicates in the least that there was any completed gift of the property in question. Black v. Nichols, 213 Iowa 976, 240 N. W. 261; Sharpe v. Wilson, 181 Iowa 753, 161 N. W. 35.

The fact that the testimony shows that the mother, after the death of the father, made the statement that she would give the place in Paris to Maggie (Margaret) negatives any testimony to the effect that it was the general talk in the family prior to the death of the father that he had given the place to Margaret.

The appellant further contends that she is entitled to a decree quieting title on the ground of adverse possession, but there is no sufficient allegation in the pleadings to present this claim for consideration, and if there was, there is no evidence in the record to support such claim.

The trial court found that the plaintiff had not sustained the burden of proof by the quantum of competent evidence necessary and dismissed the plaintiff's petition. We are in accord with this finding and judgment of the trial court and an affirmance necessarily follows.—Affirmed.

DONEGAN, C. J., and KINTZINGER, HAMILTON, RICHARDS, MITCHELL, PARSONS, and STIGER, JJ., concur.