**Lambuth HILLERY, Plaintiff In Error,**

**v.**

**Carlton BROOKS, Annie May Brooks, and Jesse Attebery, Defendants in Error.**

**No. 37621.**

Supreme Court of Oklahoma.

July 9, 1957.

Richard D. Stone, Waurika, for plaintiff in error.

Walter Hubbell, Walters, for defendants in error.

PER CURIAM.

This action was brought by Lambuth Hillery, plaintiff in error, as plaintiff in the District Court of Jefferson County, claiming as the owner of an undivided interest in the Southwest Quarter (SW¼) of the Southeast Quarter (SE¼) of Section Nine, Township 5 South, Range 8 West, seeking to enjoin interference with his alleged right of possession of the property described. The issues were joined on the filing of answer of defendant, Annie May Brooks, who claimed ownership of the full fee simple title to the 40 acres of land under an administrator's deed. Trial was had before the court without a jury. This appeal is from the judgment of the trial court decreeing the defendant, Annie May Brooks, to be the owner and denying plaintiff all relief sought. We shall refer to the plaintiff in error as plaintiff and to Annie May Brooks as defendant.

Both plaintiff and defendant base their claim of ownership on the will of R. W. Attebery as their source of title. This will was admitted to probate in January, 1922, and the parts thereof pertinent to the issues in this case are as follows:

"(2) I give and devise to my wife Lizzie Attebery and my seven children * * * my home place being the South East Quarter of Section Nine Township Five South Range Eight West * * * to be held by them as herein after directed. * * *

"(4) It is my desire and I direct that my home place described in paragraph two be kept as a home for my wife and children until the youngest child shall become of legal age.

"(5) It is my will and I direct, that my wife Lizzie Attebery during her natural life have the possession of the SW¼ of the SE¼ of Section Nine * * *. The same being the forty acres of land upon which is located the house and barns and well. * * *

"(7) The interest in which I desire my said real estate to pass to my said family, when my youngest child shall have reached the age of twenty one years is ¼ to my wife the other ¾ to be sold and the proceeds divided euqually between my children * * *.

"(8) It is my desire that at the time of the sale of the home place as herein directed, that my executor appoint three of my friends to appraise said lands and that the same be by them appraised and that one of my sons purchase said lands at the appraised value if any of them so desires, otherwise to be sold by my executor to the best advantage of the estate."

By order of distribution of the County Court filed June 16, 1933, the shares of the estate of the testator, R. W. Attebery, were "transferred, vested and assigned and conveyed to said heirs and devisees and legatees as provided in said will."

By warranty deed dated November 9, 1925, four of the surviving children conveyed their interest in the North half and the Southeast quarter of the quarter section described in the will as the "home place". The grantees of this deed, for a recited consideration of $2,400, were O. C. Attebery, and May Attebery, two other surviving children. The interest of a grandchild, representing the seventh child's interest referred to in the will, in the described lands was conveyed by guardian's deed to the same grantees. This deed, also dated No-

vember 9, 1925, reflects a consideration of $400. By quitclaim deed dated January 12, 1926, the surviving widow, Lizzie Attebery, for a recited consideration of $1 "remised, released and quitclaimed" to the same grantees as in the other deeds all her interest in the same land.

The widow was subsequently adjudged an incompetent and O. C. Attebery, by order of May 1, 1929, appointed guardian of her estate. During the tenure of O. C. Attebery as guardian the Southwest Quarter of the Southeast Quarter, being the remaining 40 acres out of the quarter section (SE) devised in the will of R. W. Attebery, was leased for oil and gas purposes through the County Court as the property of the incompetent widow. On January 14, 1942, the defendant, applying under the name of Annie May Attebery Brooks, sought appointment as guardian of the estate of the incompetent widow and mother, it appearing that the guardian, O. C. Attebery, had been removed on failure to make annual reports for any of the years 1933 to 1942. The defendant was appointed guardian and from her final report, as such, covering the period from January 24, 1942, to May 6, 1955, she received as rentals on an oil and gas lease and agricultural leases on the 40 acres (SW/4 of SE/4), together with old age assistance payments, a total of $4,688.20 as against a total guardianship expense of $7,373.04.

The widow died on May 6, 1955. Jesse J. Attebery, one of the children of the decedent, Lizzie Attebery, and the testator, R. W. Attebery, was appointed administrator of the widow's estate, described as the 40 acres here involved. A claim was filed and allowed in the administration proceeding for the amount due defendant in the guardianship matter. The County Court, on proper application, ordered the 40 acres sold by the administrator and the defendant as the purchaser for a consideration of $2,000 was given an administrator's deed to the property under an order confirming the sale dated April 21, 1956. By final decree dated June 16, 1956, the administration of the estate was closed. The decree reflected ownership by the decedent of the 40 acres, the sale thereof, and application of the receipts therefrom on the defendant's guardianship claim, leaving a deficit of $2,107.19 thereon.

Five of the devisees under the will by quitclaim deed conveyed their interest in the 40 acres to plaintiff. These deeds were dated in March and April of 1956. Plaintiff's claim under the conveyances rests upon what interest he might have acquired from the five children as devisees under the will. Defendant relies upon the administrator's deed.

The evidence of the parties consisted of the instruments of record referred to above, certain oil and gas leases covering the 40 acres entered into by the various devisees and the testimony of the defendant and O. C. Attebery reflecting a contradictory account of the attitude of the devisees as to the ownership of the 40 acres.

The judgment of the trial court is based upon the construction given to the will. Whether or not the trial court was correct in holding the will conveyed a fee title to the 40 acres in the widow, or the action taken by the various devisees in disposing of their interests in the SE/4 devised by the testator was the effective means of vesting a fee simple title in the widow to the 40 acres, must be, under the record of this case, determined by the provisions of the will and the subsequently recorded transactions alone, since we find no help in the testimony given. While there may be some question from an examination of the will as to the correctness of the trial court's finding that it was the intent of the testator to devise a fee simple title in the SW/4 of the SE/4 to the wife, Lizzie Attebery, that question is not necessarily determinative of the issue. It is abundantly clear that the testator intended at the very least to devise an undivided ¼ interest in the 160 acres to his wife. This interest was to vest in the wife in fee simple, and it was not contemplated, under the terms of the will, that her interest be sold with the three-fourths interest devised to the children. Inasmuch as it appears from the instruments of record in this case, and is not otherwise explained that the children disposed of their three-fourths interest as a 120 acre portion of the 160 acres "home

place", to their mutual benefit, leaving the remaining 40 acres, or one-fourth interest, to the widow and mother, all of which substantially complies with the provision of the will for disposition of the three-fourths childrens' interest we think an election was perfected and title to the 40 acres vested in the widow under established principles. Under such consideration the same result is reached as that by the trial court.

 In Malone v. Herndon, 197 Okl. 26, 168 P.2d 272, 277, wherein we had for consideration the construction of a will whereby provision was made for a devise of a limited number of acres out of a larger tract of land, we accepted the rule stated in 69 C.J. 834, par. 1413, that "Where there is no method marked out by the devise or by statute for any specific method of selection a devisee may make a selection by his conduct. * * *" Our decision in the Malone case is in accord with the majority rule, which we think is the better one, and should be applied to the case at bar, that is, a provision in a will giving the devisee a definite portion of a larger tract ordinarily carries with it the implied right of the devisee to make the selection. This rule is stated in par. 3 of the syllabus of Young v. Young, 109 Va. 222, 63 S.E. 748, thus:

"A gift of a definite portion of a larger quantity of land is not rendered nugatory by the omission of testator to point out the specific part which is to form such portion; the devisee being entitled to select, whereby the subject of the gift is made certain."

Young v. Young, supra is cited as authority for the rule so stated in both Schouler on Wills, Executors & Administrators, 6th Ed., Vol. 2, Par. 1111, and Thompson, Construction of Wills, Par. 285. It follows from the application of the foregoing rules to the facts of this case on appeal that the division of the property in substantial compliance with the provisions of the will whereby the widow clearly acquired the equivalent of her devised interest in a partition of the land by reduction of the undivided interests into definite acreage interests, was a sufficient act of selection by her under the will, and by the same token constituted an elec-

tion or selection on the part of the children; and this was so, whether or not the children intended a final and binding selection, since the choice was with the widow under the authorities cited.

We find the judgment decreeing ownership in the defendant supported by the record.

Affirmed.

CORN, V. C. J., and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford, and approved by Commissioner James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.