Gale, J., dissenting: The opinion of the Court holds that petitioners’ grant of permission to the local fire department to destroy the house on their property merely granted a license to use the house, making it a contribution of less than their entire interest in the house, disallowed under section 170(f)(3) because it did not constitute a contribution of an undivided portion of their entire interest in the property as provided in section 170(f)(3)(B)(ii). I disagree. Petitioners’ grant of permission to destroy conveyed more than a license to use the house. When an owner of property grants a license for its use, that grant necessarily includes the premise that the property will be returned to the owner when the licensed use terminates, subject to ordinary wear and tear. Permission to destroy eliminates that premise, and upon destruction the property interests formerly held by the owner are transferred to the licensee with such permission. Here, the fire department’s destruction of the house severed it from the land (as the opinion of the Court concedes, see op. Ct. p. 413) pursuant to petitioners’ written permission and thus rendered the structure personal property. See 2 Tiffany Real Property sec. 623 (3d ed. 1939) (actual severance of a fixture from land converts it to personal property if the owner intends the severance to be permanent). Petitioners ceded every substantial interest they held in that personal property and at best retained only insubstantial interests (such as ownership of the postburn debris). They did not expect the structure to be returned to them, and it was not. As it was tangible personal property, all of petitioners’ substantial property interests in the structure were consumed by the fire department when it destroyed the structure in furtherance of its training objectives. An exception to disallowance under section 170(f)(3) is made where the taxpayer makes a contribution of an undivided portion of his entire interest in property. The regulations interpret an undivided portion of a donor’s entire interest as follows: An undivided portion of a donor’s entire interest in property must consist of a fraction or percentage of each and every substantial interest or right owned by the donor in such property and must extend over the entire term of the donor’s interest in such property and in other property into which such property is converted. * * * [Sec. 1.170A-7(b)(l)(i), Income Tax Regs.; emphasis added.] We have interpreted this “insubstantiality rule” in the regulations as permitting the retention by the donor of insubstantial interests in the donated property without triggering a disallowance of his deduction under section 170(f)(3). Stark v. Commissioner, 86 T.C. 243, 252 (1986). In Stark we held that section 170(f)(3) was not triggered even though the donor of land retained the interest in all minerals and the right to mine for them, subject to certain U.S. Forest Service regulations. We reasoned that the mineral interest as so restricted was so insubstantial that the donor had “in substance” transferred his entire interest in the land for purposes of section 170(f)(3). Id. at 252-253. The mineral interest retained by the donor was not a “‘substantial interest or right’” within the meaning of section 1.170A-7(b)(l)(i), Income Tax Regs., we concluded. Id. at 255; see also Rev. Rul. 75-66, 1975-1 C.B. 85, 86 (retention of right to train hunting dogs and maintain trails for that purpose on donated land “not substantial enough to affect the deductibility of the property contributed”). Once the fire department destroyed the structure as contemplated, petitioners retained no substantial interest in it that would trigger the section 170(f)(3) limitation on their charitable contribution deduction.[1] Under Virginia property law (as discussed more fully below), petitioners’ written permission to enter their land and destroy the house conveyed to the fire department a property interest in the structure, effective upon its severance via demolition. The opinion of the Court contends that petitioners nonetheless retained a substantial property interest in the house after its destruction, arguing that a property interest includes not only the benefits of ownership but also its burdens. The opinion of the Court reasons that the structure’s postdemolition remnants imposed significant burdens on petitioners, such as responsibility for clearing debris and liability for injury from hazardous conditions created by the remnants. Petitioners shoulder the liability for such hazardous conditions, however, as owners of the land from which the house was severed. All substantial property interests of an owner in his structure are eliminated when the structure is demolished. The contention of the opinion of the Court that petitioners merely gave a license also does not account fully for applicable Virginia property law. The opinion of the Court contends that petitioners never transferred any property interest in the house to the fire department but instead granted only a revocable license to use it. The opinion of the Court cites Bostic v. Bostic, 99 S.E.2d 591 (Va. 1957), and Young v. Young, 63 S.E. 748 (Va. 1909), in an effort to show that under Virginia property law petitioners’ grant of permission to destroy the house would be construed as a mere license to use that did not convey any property interest in the house. In Bostic, the Virginia Supreme Court of Appeals held that a grant of the right to enter and take minerals is a mere license that creates no property interest in the minerals until they are separated from the land. Bostic, 99 S.E.2d at 594-595. Young cites a similar principle with respect to timber; namely, a license to cut and sell timber conveys no property interest in the timber until it is cut, i.e., severed from the land. Young, 63 S.E. at 749; see also Minor on Real Property, 2d ed., sec. 51 (“the grant of * * * [a] license * * * under which the grantee is entitled to mine the ore, stone, etc., and remove it * * * [gives the grantee] no interest in the land or in any ore save that actually mined”), cited with approval in Bostic, 99 S.E.2d at 594. Virginia has by statute modified the common law of property with respect to structures to be removed from realty, adopting the Uniform Commercial Code provision that deems a contract for the sale of such a structure to be one for the sale of goods where the structure is to be severed by the seller. See Va. Code Ann. sec. 8.2-107(1) (2001). (If the buyer is to sever, the contract remains one for the sale of land. See U.C.C. sec. 2-107(1) cmt. 1.[2]) Notably, however, the Virginia statute (consistent with the Uniform Commercial Code) provides that while a contract for the sale of a structure to be severed by the seller is one for goods, “until severance a purported present sale * * * [of the structure] which is not effective as a transfer of an interest in land is effective only as a contract to sell.” Va. Code Ann. sec. 8.2-107(1). Conversely, once severance has occurred, the structure constitutes goods, the sale of which is governed by statute and need not be effective as a transfer of an interest in land. In short, actual severance converts the structure from an interest in land to personal property. On the basis of Bostic and Young the opinion of the Court concludes that petitioners’ grant to the fire department of the right to destroy the house conveys no property interest but only a license. Because such a license did not convey a property interest, the opinion of the Court argues, it did not constructively sever the house from the land. But the opinion of the Court ignores the second prong of the principle in Bostic and Young and the Virginia statute governing structures to be severed from land: severance effects a change in property interests. While the grant of permission to mine or cut conveys no property interest, such an interest does transfer to the licensee when he mines the ore or cuts the timber — that is, when severance occurs — according to both cases. The same is true under Virginia statutory law for a structure that is to be severed from land. Once severed, the structure constitutes goods that need not be conveyed as an interest in land. While the opinion of the Court concedes that the destruction of the house severed it from the land (which rendered it personalty), the opinion of the Court does not consider whether this severance itself effected a transfer of property interests analogous to the transfer of an interest in ore or timber that occurs when the licensee severs either pursuant to his license. However, by virtue of the fire department’s severance and destruction of the house, petitioners in substance ceded all substantial property interests they held in the structure to the department. Once severed, the structure was personal property. Petitioners retained no substantial interest in that personal property; they were left only with the debris into which it was converted. Petitioners gave more than the use of their house and retained no substantial interest therein by virtue of their grant of permission to destroy. “Where the interest retained by the taxpayer is so insubstantial that he has, in substance, transferred his entire interest in the property, the tax treatment should so reflect. Such a taxpayer satisfies the original congressional purpose behind section 170(f)(3)”. Stark v. Commissioner, 86 T.C. at 252. As in Stark, petitioners’ retention of an interest in the charred debris into which the structure was converted was not a “substantial interest or right” within the meaning of section 1.170A-7(b)(l)(i), Income Tax Regs. Because petitioners in substance transferred their entire interest in the house, section 170(f)(3) does not limit their deduction and provides no basis for an award of summary judgment to respondent in this case. While section 170(f)(3) does not bar petitioners’ charitable contribution deduction, it must still satisfy the “sine qua non of a charitable contribution”; namely, a transfer of money or property without adequate consideration in return. United States v. Am. Bar Endowment, 477 U.S. 105, 118 (1986); Rolfs v. Commissioner, 668 F.3d 888 (7th Cir. 2012), aff’g 135 T.C. 471 (2010). Petitioners must show that the value of the house, taking into account the conditions on its donation, exceeded the value of the benefit they received from the fire department in the form of demolition services. See Rolfs v. Commissioner, 668 F.3d at 892. I would deny the motion for summary judgment and, if petitioners wished, proceed to trial on that question of fact. Halpern, Foley, Goeke, Wherry, Kroupa, and Holmes, JJ., agree with this dissent. The opinion of the Court appears to suggest that petitioners’ donation to the fire department was of a partial interest in property for purposes of sec. 170(f)(3) because the fire department did not receive the right “to sell the building with all the rights attached thereto”. See op. Ct. p. 410. However the mere fact that a donee does not receive the donor’s unrestricted fee simple interest in the donated property but instead receives it encumbered with restrictions does not trigger sec. 170(f)(3). See, e.g., Rev. Rul. 85-99, 1985-2 C.B. 83; G.C.M. 39380 (July 9, 1985) (sec. 170(f)(3) not triggered where donor with fee simple interest in land donates it with condition that it be used only for agricultural purposes). The Virginia Supreme Court of Appeals has noted that the Official Comments concerning the Uniform Commercial Code "are frequently helpful in discerning legislative intent”. Leake v. Meredith, 267 S.E.2d 93, 95 (Va. 1980).